UNITED STATES of America, Plaintiff-Appellee,

v.

Hiram WEBB, Defendant-Appellant.

No. 79–3484.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 11, 1981.

Decided Sept. 8, 1981.

---

* The Honorable Earl B. Gilliam, United States District Judge for the Southern District of California, sitting by designation.

Hale C. Tognoni, Phoenix, Ariz., for defendant-appellant.

Jacques B. Gelin, Washington, D.C., for plaintiff-appellee.

Before ANDERSON and NORRIS, Circuit Judges, and TAKASUGI, District Judge.*

NORRIS, Circuit Judge:

This appeal involves a dispute over appellant Webb's right to occupy certain federal lands within the city limits of Phoenix, Arizona. Webb's claim for occupancy arises under federal mining laws. He appeals the district court's denial of leave to amend his pleadings, and its grant of summary judgment for the Government in its action for ejectment.

---

* The Honorable Robert M. Takasugi, United States District Judge for the Central District of California, sitting by designation.

## I.

In 1956, Webb received quitclaim deeds to a series of lode claims on federal public lands open to prospecting and mineral development. Seven of those claims comprise the 140 acres here in dispute.

Shortly after Webb obtained the quitclaim deeds, the United States Bureau of Land Management (BLM) reclassified the federal land encompassing Webb's claims as suitable for lease and sale for residential purposes. Existing valid mining claims were excepted from the reclassification. After Webb submitted a verified statement of his claims, as required by the reclassification order, the BLM initiated contest proceedings against the claims. In 1957, the BLM complaint against the seven lode claims which encompass the land here in issue was dismissed by the BLM Hearing Examiner. No judgment of validity or invalidity was rendered as to those seven claims.

In 1963, Webb filed applications for mineral patents for the seven lode claims. The BLM contested the patent applications, and again challenged the validity of the claims, charging that Webb had failed to find valuable materials sufficient to constitute "discovery" under federal mining laws. In 1967, a BLM Hearing Examiner rejected Webb's patent applications and, in addition, declared his lode claims null and void. Webb appealed this decision to the BLM's Branch of Mineral Appeals and then to the Department of Interior's Board of Land Appeals (BLA). Each body affirmed the Hearing Examiner's decision against Webb's claims. Webb did not seek judicial review of the administrative decision when it became final in 1970. In 1973, following a proposal by the City of Phoenix to purchase, for use as park land, certain federal land encompassing the land in issue, the BLM closed the area to further mineral entry, again subject to existing valid claims. The land was then reclassified as available for disposal under the Recreation and Public Purposes Act, 43 U.S.C. § 869. The Government brought this action in ejectment, seeking recovery of possession of the land, and a judicial declaration that Webb is without right, title or interest in the property.

In 1979, after the Government filed a motion for summary judgment twelve months after the original pleadings, Webb sought leave to amend his pleadings to allege valid placer claims (as contrasted with lode claims) and to request judicial review of the 1970 administrative decision that his lode claims were null and void. The district court denied Webb's motion for leave to amend his pleadings and granted full summary judgment for the Government.

## II.

There is no statute of limitations for judicial review of an administrative decision by the BLA. Thus, a BLA decision is ordinarily reviewable in a subsequent action for ejectment regardless of how much time has elapsed. *See Coleman v. United States,* 363 F.2d 190 (9th Cir. 1966), *rev'd on other grounds,* 390 U.S. 599, 88 S.Ct. 1327, 20 L.Ed.2d 170 (1968). The broad rule that judicial review of BLA decisions is available without regard to passage of time is subject, however, to the rules of pleading which the Federal Rules of Civil Procedure impose upon all parties, and to the general principles of estoppel.

Fed.R.Civ.P. 15 places leave to amend, after a brief period in which a party may amend as of right, within the sound discretion of the trial court. *See PSG Co. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.,* 417 F.2d 659, 664 (9th Cir. 1969), *cert. denied,* 397 U.S. 918, 90 S.Ct. 924, 25 L.Ed.2d 99 (1970). In exercising this discretion, a court must be guided by the underlying purpose of Rule 15—to facilitate decision on the merits, rather than on the pleadings or technicalities. *See Conley v. Gibson,* 355 U.S. 41, 47–48, 78 S.Ct. 99, 102–103, 2 L.Ed.2d 80 (1957). Accordingly, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." *See Rosenberg Brothers & Co. v. Arnold,* 283 F.2d 406 (9th Cir. 1960) (per curiam).

980

In *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962), the Supreme Court identified four factors relevant to whether a motion for leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. In *Howey v. United States*, 481 F.2d 1187 (9th Cir. 1973), this Court analyzed these factors, and concluded that they are not of equal weight. Specifically, we noted that delay alone—no matter how lengthy—is an insufficient ground for denial of leave to amend. "Only where prejudice is shown or the movant acts in bad faith are courts protecting the judicial system or other litigants when they deny leave to amend a pleading." *Id.* at 1191. *See also Hanson v. Hunt Oil Co.*, 398 F.2d 578, 581–82 (8th Cir. 1968); *Middle Atlantic Utilities Co. v. S.M.W. Development Corp.*, 392 F.2d 380, 384 (2d Cir. 1968). "The mere fact that an amendment is offered late in the case is . . . not enough to bar it." 3 Moore's Federal Practice § 15.08[4] at 15–102. Thus in *Howey*, the court held that the district court had abused its discretion in denying leave to amend even five years after the original pleadings, where neither bad faith nor prejudice was apparent. 481 F.2d at 1190–92.

In the absence of some statement of reasons or findings of fact showing bad faith or prejudice, we cannot determine whether it was an abuse of discretion to deny Webb's motion for leave to amend his pleadings. Accordingly, we vacate the summary judgment for the government and remand the case to the district court for further proceedings not inconsistent with this opinion. We express no opinion as to whether the record now, or as it may be developed, would support findings that Webb acted in bad faith or that prejudice would result from either of his desired amendments, should such findings be made by the district court.

Furthermore, by remanding, we express no opinion whatsoever with respect to the merits of either of Webb's desired amendments should leave to amend be granted by the district court.

VACATED and REMANDED.