66 F.3d 334
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ismael ARRELLANO, Plaintiff-Appellant,
v.
Robert BORG; Attorney General for the State of California,
Defendants-Appellees.
 No. 94-16351.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 16, 1995.*
Decided Sept. 6, 1995.
 
 1
 Before: D.W. NELSON, T.G. NELSON, Circuit Judges, and KING** District Judge.
 
 
 2
 MEMORANDUM***
 
 
 3
 Ismael Arrellano, a California state prisoner, appeals pro se the district court's order denying his 28 U.S.C. Sec. 2254 habeas petition challenging his conviction for first degree murder. We reverse and remand to the district court to give Arrellano leave to amend his petition to bring an ineffective assistance of counsel claim and to rule on his requests for assistance of counsel on his habeas appeal.
 
 
 4
 * In discussing several of Arrellano's claims (not argued on appeal) which the state court deemed waived because of Arrellano's counsel's failure to object, the magistrate judge found that Arrellano failed to offer any reason to excuse the default. He noted:
 
 
 5
 [P]etitioner may be arguing that the "cause" for counsel's failure to lodge objections was that the prosecutor made so many objectionable remarks, that petitioner's counsel could not possibly have made all appropriate objections. This does not constitute adequate "cause" to overcome procedural default.
 
 
 6
 In his objections to the magistrate judge's Findings and Recommendations, Arrellano asked the district court to dismiss his petition without prejudice so that he might bring an ineffective assistance of counsel claim.
 
 
 7
 The district court refused to permit an amendment which, because the claim had not been exhausted, would create a mixed petition requiring dismissal without prejudice. The district court found that dismissal at this stage of the proceeding would "inflict grievous waste on the judicial process." In addition to delay, the district court cited prejudice to the state as a ground for refusing to allow amendment: "To permit amendment at the objection stage would prejudice respondent and would undermine the orderly review of habeas petitions. Petitioner presents no extraordinary reason why the amendment should be permitted."
 
 
 8
 The district court applied the wrong standard. A petitioner need not present "extraordinary reasons" to support a motion to amend the pleadings prior to final judgment. "[Fed.R.Civ.P.] 15[ (a) ]'s policy of favoring amendments to pleadings should be applied with extreme liberality.' " United States v. Webb, 655 F.2d 977, 979 (9th Cir.1981) (quotations omitted). Moreover, "[t]he district court is required to construe a pro se petition more liberally than it would construe a petition drafted by counsel." Knaubert v. Goldsmith, 791 F.2d 722, 729 (9th Cir.), cert. denied, 479 U.S. 867 (1986). "[F]our factors [are] relevant to whether a motion for leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." Webb, 655 F.2d at 980. "[D]elay alone--no matter how lengthy--is an insufficient ground for denial of leave to amend." Id.
 
 
 9
 The district court did not substantiate its finding of prejudice to the opposing party. The state did not oppose the amendment. There is no evidence of bad faith on Arrellano's part. Given the number of claims which were barred by Arrellano's counsel's failure to object, Arrellano may have a colorable ineffective assistance of counsel claim. Denial of leave to amend at this juncture would likely lead to loss of the right to pursue the claim under the abuse of the writ doctrine. See generally McCleskey v. Zant, 499 U.S. 467 (1991).
 
 
 10
 Futility of the proposed amendment with respect to state procedural default is uncertain. California does not impose a mandatory bar. See In re Clark, 855 P.2d 729, 760 (Cal.1993) ("Although we conclude here that it should not be inflexible, the general rule is still that, absent justification for the failure to present all known claims in a single, timely [habeas] petition, ... successive and/or untimely petitions will be summarily denied."). Because the language of Clark is conditional, we cannot conclude that the new claim would necessarily be barred. See Johnson v. Lewis, 929 F.2d 460, 462-64 (9th Cir.1991).
 
 
 11
 We therefore reverse and remand to the district court with instructions to allow Arrellano to amend his petition to include his ineffective assistance of counsel claim.
 
 II
 
 12
 Arrellano also argues that the district court abused its discretion in failing to rule on his two requests for counsel.[1] Title 18 U.S.C. Sec. 3006A(a)(2) provides that representation will be provided "[w]henever the United States magistrate ... or the court determines that the interests of justice so require ... for any financially eligible person who ... is seeking relief under section ... 2254." Arrellano's financial eligibility is undisputed.
 
 
 13
 We have held that a district court abuses its discretion in failing to rule on a request for counsel before dismissing. Johnson v. United States Dep't of the Treasury, 939 F.2d 820, 824 (9th Cir.1991); Miles v. Department of the Army, 881 F.2d 777, 784 (9th Cir.1989); McElyea v. Babbitt, 833 F.2d 196, 199 (9th Cir.1987).[2] In the absence of explicit discussion by the district court, we cannot tell whether the district court considered the relevant factors or even whether it properly understood its authority. See Johnson, 939 F.2d at 824 (citing United States v. McQuade, 579 F.2d 1180 (9th Cir.1978)) (a district court's refusal to appoint counsel on the mistaken assumption that it lacks authority to do so would constitute an abuse of discretion).
 
 
 14
 "[T]he district court or magistrate may appoint counsel [under 18 U.S.C. Sec. 3006A] at any stage of the case if the interests of justice require." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir.1983). The "interests of justice" require the district court to consider the following factors: 1) "the likelihood of success on the merits"; and 2) "the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Id.
 
 
 15
 On remand, the district court should consider Arrellano's requests for counsel.
 
 
 16
 REVERSED and REMANDED with instructions.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit Rule 34-4
 
 
 **
 Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Arrellano brings a number of other claims which we do not reach on appeal because we remand to permit amendment
 
 
 [2]
 While these cases did not arise in the context of Sec. 3006(A), there is no discernible reason not to apply their holdings on this point to cases such as the one at hand