**QUALCOMM, INCORPORATED,**
**Plaintiff,**

v.

**MOTOROLA, INC., Defendant.**

**No. 97CV372J(RBB).**

United States District Court,
S.D. California.

Nov. 10, 1997.

David Kleinfeld, Mark Paulson, Pillsbury, Madison & Sutro in both San Diego, CA, and Washington, DC, for Plaintiff.

Jerry Coughlan, Coughlan, Semmer & Lipman, San Diego, CA, Linda Resh, Robert Krupka, Kirkland & Ellis, Chicago, IL, for Defendant.

## ORDER GRANTING QUALCOMM'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

JONES, District Judge.

This matter comes before the Court on Qualcomm's motion to amend its complaint in the 97–372 case, the lead action in a group of consolidated cases.

### I. FACTUAL BACKGROUND

On March 5, 1997, Qualcomm filed case number 97–372, seeking, *inter alia,* a declaration of noninfringement and invalidity of three of Motorola's utility patents, namely: (1) "the '155 patent"; (2) "the '223 patent"; and (3) "the '774 patent." Qualcomm's complaint also seeks a declaration of noninfringement and invalidity of one design patent, "the '734 patent." Motorola filed an answer and counterclaim, as well as a "First Amended Counterclaims," alleging infringement of the '774 patent and the '734 patent.

According to Qualcomm, after it filed its complaint in the instant case, it learned that a representative from Motorola had stolen an upper housing for the "Q" Phone from one of Qualcomm's suppliers. (Mem. of Points and Authorities at 1). Motorola has admitted on record that such theft did indeed occur. Qualcomm alleges that during discovery, Qualcomm learned of "the valuable information Motorola gained as a result of the theft, the large number of Motorola employees and attorneys who knew about the stolen Q Phone Housing, and the related and ineffectual response Motorola had to the theft." *Id.*

at 1–2. Qualcomm now wishes to amend its complaint in order to add new causes of action for conversion, theft of trade secrets, and unfair business practices.

Motorola has filed an opposition to the motion to amend. Motorola argues that allowing the amendment would substantially prejudice Motorola and that the proposed new claims are futile inasmuch as Motorola believes the claims could not withstand a motion to dismiss for lack of jurisdiction or for failure to state a claim. (Opposition at 3).

## II. MOTION TO AMEND COMPLAINT UNDER FRCP 15(a)

Qualcomm has already amended its complaint once as a matter of course. Motorola has filed an answer to Qualcomm's first amended complaint. Therefore, Qualcomm properly seeks leave of the Court to amend its complaint.

■ Qualcomm's motion is governed by Federal Rule of Civil Procedure 15(a). In part, this rule provides that "a party may amend the party's pleadings ... by leave of court ... and leave shall be freely given when justice so requires." FED. R. CIV. P. 15(a). Although leave to amend a complaint is not to be granted automatically, the policy permitting leave to amend is applied with "extraordinary liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990).

In *Foman v. Davis*, 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962), the Supreme Court identified four factors that are to be taken into consideration before granting a party leave to amend pleadings: (1) undue delay; (2) bad faith or dilatory motive; (3) futility of amendment; and (4) prejudice to the opposing party. *Foman*, 371 U.S. at 182. *See also Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir.1989); *United States v. Webb*, 655 F.2d 977, 980 (9th Cir.1981).

### A. Delay

■ First, the district court is to consider the party's delay in seeking leave to amend the pleadings. *Morongo Band*, 893 F.2d at 1079. Qualcomm argues that its motion to amend "is not the product of undue delay." (Mem. at 3). According to Qualcomm,

> This litigation is still in its early stages.... [T]he theft of the Q Phone Housing was not uncovered until discovery was underway in this litigation. Once Qualcomm learned of the taking, Qualcomm initiated discovery, which is still proceeding, specifically focusing on the taking of the Q Phone Housing and its use at Motorola. As a result of the discovery taken to date, Qualcomm now has sufficient information upon which to base its claims for relief arising from the theft.

(Mem. at 3). There are no indications that Qualcomm has delayed in seeking to amend its complaint. As Qualcomm indicates in its motion, investigation and discovery revealed that the proposed new claims could be added to the present action. Motorola does not address the issue of delay in its opposition. The Court finds that Qualcomm has not delayed in its request for amendment.

### B. Bad Faith or Dilatory Motive

Second, a district court has the discretion to deny a motion to amend pleadings where there has been a showing of bad faith or dilatory motive on the part of the party seeking leave to amend. *Webb*, 655 F.2d at 980. Neither Qualcomm nor Motorola addresses this issue in the moving papers. It does not appear that Qualcomm has a bad faith motive for seeking leave to amend its complaint.

### C. Futility of Amendment

■ Third, a district court has discretion to deny leave to amend where the amendment is futile. *Saul v. United States*, 928 F.2d 829 (9th Cir.1991). An amendment is deemed futile where the plaintiff would be unable to prove facts under the amended complaint that would entitle the plaintiff to relief. *Miller v. Rykoff–Sexton*, 845 F.2d 209 (9th Cir.1988). Here, Qualcomm argues that its proposed amendment would not be futile because "the facts alleged—Motorola's improper taking and examination of the Q Phone Housing—give rise to valid claims for relief." (Mem. at 4).

Motorola begs to differ, arguing that allowing Qualcomm to proceed with its proposed new claims would be an exercise in futility. Motorola believes that,. "Qualcomm's proposed new counts all allege unrelated state law claims over which this Court does not have subject matter jurisdiction." Motorola contends that this Court does not have supplemental jurisdiction over Qualcomm's proposed additional claims because Motorola believes such claims are state law claims unrelated to any claims currently before the Court and "do not derive from a common nucleus of operative fact with the pending claims." (Opposition at 5).

Federal subject matter jurisdiction must have a statutory basis. The primary sources of federal subject matter jurisdiction are federal question jurisdiction, 28 U.S.C. § 1331, diversity jurisdiction, 28 U.S.C. § 1332 and supplemental jurisdiction, 28 U.S.C. § 1367. This Court's jurisdiction over Qualcomm's proposed state law claims is based on supplemental jurisdiction. Section 1367(a) generally authorizes district courts to exercise jurisdiction over a supplemental claim whenever it forms part of the same constitutional case or controversy as the claim that provides the basis of the district court's original jurisdiction.

State and federal claims are said to form part of the same case or controversy when such claims arise from "a common nucleus of operative facts" such that a plaintiff "would ordinarily be expected to try them all in a single judicial proceeding." *See United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). Here, Motorola's theft of Qualcomm's material does arise from the same set of facts as Qualcomm's federal claims regarding patent infringement. Motorola's representative took the Qualcomm material because it appeared similar to a patented Motorola phone. (*See* Deposition of John Hannon, attached as Exhibit B to Opposition, at page 21, line 18). Hence, the theft was indeed related to the patent claims. Accordingly, the Court finds that Qualcomm's proposed state law claims do arise from the same set of operative facts as the existing claims, and may exercise supplemental jurisdiction over those claims.

Motorola requests that should the Court find that it may exercise supplemental jurisdiction that it decline to do so under 28 U.S.C. § 1367(c)(4). (Opposition at 8). Subsection (c)(4) of § 1367 provides the district court with the discretion to decline supplemental jurisdiction over a claim under "exceptional circumstances" where "other compelling reasons" exist for not exercising jurisdiction. Motorola argues that exceptional circumstances exist in this case due to the potential jury bias mentioned *supra.* The Court finds Motorola's argument unpersuasive. Mere speculation as to juror prejudice does not constitute an "exceptional circumstance" warranting the exercise of this Court's discretion to decline supplemental jurisdiction.

Finally, Motorola argues that Qualcomm's proposed additional claims are futile because they fail to state a claim upon which relief can be granted. (Opposition at 11–13). Motorola contends that Qualcomm's proposed claims would be subject to dismissal under Federal Rule of Civil Procedure 12(b)(6). As Qualcomm notes, this contention is premature. (Reply at 5). Qualcomm also correctly suggests that Motorola's arguments regarding the sufficiency of Qualcomm's claims should be properly raised by a Rule 12(b)(6) motion after an amendment is permitted, rather than in the context of this motion. *Id.* As noted *supra,* an amendment is deemed futile where the plaintiff would be *unable* to prove facts under the amended complaint that would entitle the plaintiff to relief. At this stage, the Court is not to inquire whether Qualcomm *has* stated facts entitling it to relief, but rather whether it *could* state such facts. Accordingly, the Court finds that allowing Qualcomm to add its proposed claims would not be an exercise in futility.

### D. Prejudice to the Opposing Party

Finally, a court has the discretion to deny a motion to amend pleadings where there is a showing of prejudice to the opposing party. *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir.1990). However, the

**1052**

prejudice to the opposing party must be substantial. *Morongo Band of Mission Indians,* 893 F.2d at 1079.

Qualcomm argues that its proposed amendment will not prejudice Motorola because:

> The issues raised by the proposed amendment have been in the case (as an equitable defense to Motorola's injunction request) ever since Qualcomm learned of the theft. A significant amount of discovery has already occurred on the subject. Moreover, this litigation is still in its early stages and discovery does not cut off until March 9, 1998.

(Mem. at 4).

Motorola, on the other hand, suggests that it will indeed be prejudiced by an amendment. Motorola believes that because Qualcomm's proposed new claims include accusations against Motorola's outside trial counsel, Kirkland & Ellis, allowing Qualcomm to present its proposed new claims to a jury would prejudice the jury against counsel, and in turn against Motorola. (Opposition at 4). According to Motorola, "substituting counsel at this point in this active litigation would cause tremendous delay and cause Motorola to incur tremendous expense." *Id.*

The proposed new claims do include allegations against Motorola's outside counsel. (*See* Qualcomm's proposed second amended complaint at ¶¶ 31–33). Motorola does not specify exactly how it believes a jury would be prejudiced against Motorola if Qualcomm is allowed to proceed with its proposed new claims. It is the Court's impression that, at trial, Qualcomm will attempt to introduce the information regarding Motorola's theft with respect to Qualcomm's "unclean hands" defense. Thus, it matters not in what form such information is presented to the jury—as a claim or defense. The point is that the information will likely be revealed, whether Qualcomm adds the proposed claims or does not. Accordingly, the Court finds that Motorola has not met its burden of demonstrating it will suffer *substantial* prejudice if Qualcomm is permitted to amend.

## III. CONCLUSION

For the aforementioned reasons, the Court GRANTS Qualcomm's motion to amend its 97–372 complaint.

**IT IS SO ORDERED.**