Dated this 14th day of June, 2002.

Ester A. BROWN, Plaintiff,

v.

Donald H. RUMSFELD, Secretary, Department of Defense, Defendant.

No. C01–1397–MEJ.

United States District Court, N.D. California.

Nov. 21, 2002.

Marc J. Days, Moore and Moore, Oakland, CA, for plaintiff.

Patricia Benton, U.S. Attorney's Office, San Francisco, CA, for defendant.

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM PURSUANT TO FED. R. CIV. P. 12(b)(6), WITH LEAVE TO AMEND.

JAMES, United States Magistrate Judge.

## I. INTRODUCTION

Before the Court is Defendant Donald H. Rumsfeld's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Fed.R.Civ.P. 12(b)(6)"), filed October 16, 2001. In his motion, Donald H. Rumsfeld ("Defendant") seeks dismissal of Plaintiff's claim of employment discrimination. After careful consideration of the parties' papers, oral arguments heard at the November 21, 2002 hearing, relevant statutory and case law authority, and Good Cause appearing, the Court hereby GRANTS Defendant's Motion to Dismiss. However, Plaintiff shall have 30 days leave to amend the Complaint for the reasons set forth below.

## II. BACKGROUND

A. *Factual Background*

On April 9, 2001, Pearl G. Ruchman, a union representative filed a Complaint on behalf of Plaintiff. Declaration of Marc Days in support of Plaintiff's Opposition to Defendant's Motion to Dismiss (hereinafter "Day's Decl."), Exhibit A. The Complaint alleged employment discrimination when Defendant removed Plaintiff from her position as warehouse worker, WG–5. Day's Decl., Ex. A, 1:18–19. The Complaint further alleged that Defendant fired Plaintiff based on her borderline mental retardation, sex, and race. Day's Decl., Ex. A, 1:20–22. Plaintiff attached the Equal Employment Opportunity Commission's (hereinafter "EEOC") decision to her Complaint.

On April 11, 2001, Plaintiff filed an Amended Complaint. The Amended Complaint did not state any factual allegations. The Amended Complaint simply stated, "Case was originally filed in Oakland on 4/9/01. File is in transit; Plaintiff is submitting right to sue and her original signature." The EEOC's decision was not attached to the Amended Complaint.

On February 27, 2002, the Court appointed Ms. Ruchman as Plaintiff's guardian ad litem. From the beginning of Plaintiff's lawsuit until November 6, 2002, Plaintiff was a pro se litigant. However, Plaintiff is now represented by counsel.

## B. *Procedural Background*

On April 9, 2001, Plaintiff filed a Complaint, attaching the EEOC's decision.

On April 9, 2001, the Court Ordered the parties to set initial case management conference.

On April 11, 2001, Plaintiff filed an Amended Complaint.

On August 7, 2001, Plaintiff filed a request to continue the case management conference.

On August 9, 2001, the Court: 1) vacated the case management conference date; 2) set an Order to Show Cause hearing for September 13, 2001; and 3) ordered Plaintiff to show cause in writing by September 4, 2001.

On August 17, 2001, Defendant consented to magistrate jurisdiction.

On August 28, 2001, Plaintiff requested a thirty day extension to file a letter to show good cause from September 4, 2001 to October 4, 2001.

On August 30, 2001, the Court: 1) granted Plaintiff a thirty day extension; 2) vacated the September 13, 2001 Order to Show Cause hearing; and 3) continued the Order to Show Cause hearing to October 11, 2001.

On September 19, 2001, Plaintiff requested that the Court appoint an attorney to represent her.

On September 28, 2001, Plaintiff requested a sixty day extension to secure an attorney.

On October 5, 2001, Plaintiff consented to magistrate jurisdiction.

On October 5, 2001, the Court: 1) vacated the October 11, 2001, Order to Show Cause hearing; 2) denied Plaintiff's request for a sixty day extension; and 3) ordered Plaintiff to file a declaration and supporting documents regarding claims of borderline retardation and emotional disorder by October 31, 2001.

On October 16, 2001, Defendant filed his Motion to Dismiss.

On November 6, 2001, Plaintiff requested a stay on Defendant's Motion to Dismiss.

On November 19, 2001, the Court granted Plaintiff's request for a stay on Defendant's Motion to Dismiss until further order of the Court.

On February 27, 2002, the Court appointed Pearl G. Ruchman as Plaintiff's guardian ad litem.

On October 8, 2002, the Court: 1) denied Plaintiff's application for appointment of counsel and 2) placed Defendant's Motion to Dismiss back on Court calendar.

On November 1, 2002, Plaintiff filed a Substitution of Counsel.

On November 1, 2002, Plaintiff filed his Opposition to Defendant's Motion to Dismiss.

On November 6, 2002, the Court granted Plaintiff's Substitution of Counsel.

On November 8, 2002, Defendant filed his Reply Brief in Support of Motion to Dismiss.

## III. DISCUSSION

### A. *Parties Positions*

#### 1. *Defendant's Position*

Defendant argues in his Motion to Dismiss that Plaintiff has not exhausted her administrative remedies. Defendant further asserts that Plaintiff has not alleged any basis of discrimination, nor included any factual allegations in support of her discrimination claim.

In Defendant's Reply Brief in Support of Motion to Dismiss, he asserts that the Amended Complaint supersedes the original complaint. The Amended Complaint did not allege any facts. Instead, the Amended Complaint simply stated, "Case was originally filed in Oakland on 4/9/01. File is in transit; Plaintiff is submitting Right to Sue and her original signature." Therefore, the Amended Complaint did not incorporate allegations included in the pervious complaint.

### 2. Plaintiff's Position

Plaintiff argues that since the Amended Complaint refers to the original complaint, the original complaint is incorporated into the Amended Complaint. However, Plaintiff requests leave to amend under Fed.R.Civ.P. 15(a) if the Court finds that all of his arguments are invalid.

### B. Legal Standard

#### 1. Federal Rule of Civil Procedure 12(b)(6)

Fed.R.Civ.P. 12(b) provides, in pertinent part:

> Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defense may at the option of the pleader be made by motion...(6) failure to state a claim upon which relief can be granted.

Courts appraise the sufficiency of the complaint in a 12(b)(6) motion. *See Conley v. Gibson*, 355 U.S. 41, 45, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Id.* at 45–46; *see also Fidelity Financial Corp. v. Federal Home Loan Bank of San Francisco*, 792 F.2d 1432, 1435 (9th Cir. 1986). "In reviewing the sufficiency of the complaint, '[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" *Gilligan v. Jamco Development Corp.*, 108 F.3d 246, 249 (9th Cir. 1997) (citing *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). A Fed.R.Civ.P. 12(b)(6). motion is looked upon with disfavor and rarely granted. *See id.*

In their appraisals, courts "must accept all material allegations in the complaint as true and construe them in the light most favorable" to the non-moving party. *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir.1986); *see also Pareto v. Federal Deposit Insurance Corp.*, 139 F.3d 696, 699

(9th Cir.1998). This is particularly necessary in civil rights cases, where the plaintiff is pro se. *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir.1987). When the plaintiff is pro se, courts "have an obligation to construe the pleadings liberally and to afford the plaintiff the benefit of any doubt." *Id.*

Courts "do not, however, necessarily assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981). Additionally, it is improper for courts to assume that the non-moving party can prove facts that it has not alleged or that the moving party has violated laws in ways that have not been alleged. *See Associated General Contractors of CA, Inc. v. CA State Council of Carpenters*, 459 U.S. 519, 526, 103 S.Ct. 897, 74 L.Ed.2d 723 (1983).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n. 19 (9th Cir.1989). However, "[i]f a complaint is accompanied by attached documents, the court is not limited by the allegations contained in the complaint. These documents are part of the complaint and may be considered in determining whether the plaintiff can prove any set of facts in support of the claim." *Durning v. First Boston Corporation*, 815 F.2d 1265, 1267 (9th Cir.1987) (citing *Amfac Mortgage Corp. v. Arizona Mall of Tempe, Inc.*, 583 F.2d 426, 429–430 (9th Cir.1978)). Additionally, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss." *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir.1994).

"In short, the 'test is whether the facts, as alleged, support *any* valid claim entitling the plaintiff to relief,' regardless of whether plaintiff erroneously used the wrong legal theory." *Beliveau v. Caras*, 873 F.Supp. 1393, 1396 (C.D.Cal.1995); *see also Haddock v. Board of Dental Examiners of CA*, 777 F.2d 462, 464 (9th Cir.1985). The

Court need not grant leave to amend a dismissed complaint where it is clear that amendment will serve no purpose, because the complaint can not be cured to constitute a claim for relief. *See Havas v. Thornton,* 609 F.2d 372, 376 (9th Cir.1979); *see also Noll v. Carlson,* 809 F.2d 1446, 1448 (9th Cir.1987).

Lastly, in *Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972), the Supreme Court has stated that pro se litigants are held to less stringent standards than formal pleadings drafted by lawyers.

### 2. Federal Rule of Civil Procedure 15(a)

Fed.R.Civ.P. 15(a) provides, in pertinent part:

> A party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served or, if the pleading is one to which no responsive pleading is permitted and the action has not been placed upon the trial calendar....Otherwise the party may amend the party's pleading only by leave of court or by written consent of justice so requires.

Courts may exercise its sound discretion when granting leave to amend under Rule 15(a). *United States v. Webb,* 655 F.2d 977, 979 (9th Cir.1981). "In exercising this discretion, a court must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Id.* Moreover, "Rule 15's policy of favoring amendments should be applied with 'extreme liberality.'" *Id.* Even though Rule 15 is applied with extreme liberality, this does not mean leave to amend is granted automatically. *Jackson v. Bank of Hawaii,* 902 F.2d 1385, 1387 (9th Cir.1990).

Five factors are frequently used to determine when granting leave to amend is appropriate: 1) bad faith; 2) undue delay; 3) prejudice to the opposing party; 4) futility of amendment; and 5) whether plaintiff has previously amended his complaint. *Allen v. City of Beverly Hills,* 911 F.2d 367, 373 (9th Cir.1990).

### C. Legal Analysis

#### 1. Whether Plaintiff Alleged Facts Sufficient to State a Claim Upon Which Relief Can Be Granted

In *Haines v. Kerner,* the Supreme Court stated that pro se complaints are held to less stringent standards than formal pleadings drafted by lawyers. 404 U.S. at 520, 92 S.Ct. 594. However, "[p]ro se litigants must follow the same rules of procedure that govern other litigants." *King,* 814 F.2d at 567. Moreover, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *Id.* Case law is clear on the issue of whether an amended complaint supercedes the original complaint. *King,* 814 F.2d at 568. The *King* court held that allegations which were not in the amended complaint but were included in the original complaint were waived. *Id.*

Here, Plaintiff alleged in her original complaint that she was discriminated against based, in part, on her borderline mental retardation. However, in the Amended Complaint, these allegations were not reproduced, nor was the EEOC's decision attached. At the time the Amended Complaint was filed, Plaintiff was pro se and therefore, used a pre-printed Employment Discrimination Complaint form. Even though spaces were allotted for "basic facts surrounding" claims of discrimination, Plaintiff failed to fill out that portion.

Even using the less stringent standards for reviewing pleadings from pro se plaintiffs, here, Plaintiff did not even meet those minimum standards because no facts were alleged in the Amended Complaint. In fact, other than stating that the case was filed in Oakland and that the file was in transit, nothing more was stated in the Amended Complaint regarding discrimination or the EEOC's decision. Therefore, Plaintiff failed to allege claims for which relief can be granted.

#### 2. Whether Plaintiff's Request to Take Leave to Amend Should Be Granted

Courts have discretion to grant leave to amend the complaint. As stated above,

courts generally look to five factors in determining when granting Rule 15(a) is appropriate: 1) bad faith, 2) undue delay, 3) prejudice to the opposing party, 4) futility of amendment, and 5) whether plaintiff has previously amended his complaint. *Allen*, 911 F.2d at 373. Additionally, courts appraise factor three, prejudice to the opposing party, as the most important factor. *Jackson*, 902 F.2d at 1387.

 Looking at the first factor, the question becomes whether Plaintiff's request for leave to amend was made in bad faith. The Court cannot conclude that it was, especially since Plaintiff was pro se when she filed her Amended Complaint. In addition, there is no evidence to suggest that Plaintiff acted in bad faith.

Addressing factor two, undue delay, courts have held that "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *Webb*, 655 F.2d at 980. Here, taking into account several ancillary motions and hearings, the delay is reasonable. Thus there was no undue delay.

Next, looking at factor three, the Court must determine if granting leave to amend creates a prejudice against Defendant. There is no evidence to suggest that it would. Defendant does not argue that granting leave to amend would prejudice their case. In fact, Defendant received the original complaint as well as the Amended Complaint. Although it is obvious that Plaintiff merely wanted to *supplement*, rather than amend the original complaint, strictly speaking, Plaintiff's failure to state a claim upon which relief can be granted appears to be a technicality. Defendant would not be worse off by this Court granting Plaintiff leave to amend.

Factor four looks at whether granting leave to amend would be futile. Here, it appears now that Plaintiff has counsel, and that amending her complaint with the assistance of counsel would actually be fruitful.

Finally, factor five looks to whether Plaintiff had previously amended her Complaint. Although Plaintiff amended her Complaint previously, she did so only once and as a pro se litigant. In sum, the Court feels it is appropriate to allow Plaintiff to amend her Complaint pursuant to Fed.R.Civ.P. 15(a).

## IV. CONCLUSION

For the reasons stated above, the Court GRANTS Defendant's Motion to Dismiss for Plaintiff's failure to state a claim upon which relief can be granted. However, Plaintiff is also hereby given 30 days leave to amend her Complaint.

IT IS SO ORDERED.