Arne ROMSTAD; Rhonda Romstad; Melysa Romstad, by and through her Guardian ad Litem, Rhonda Romstad, Plaintiffs–Appellants,

v.

CONTRA COSTA COUNTY; Lois Rutten; Kathy Marsh; Marcia Laboeuf; Heide Wintermantel; Terri Gielgood, Defendants–Appellees.

Arne Romstad; Rhonda Romstad, Plaintiffs,

and

Melysa Romstad, by and through her Guardian ad Litem, Rhonda Romstad, Plaintiff–Appellant,

v.

Contra Costa County; Lois Rutten; Kathy Marsh; Marcia Laboeuf; Heide Wintermantel; Terri Gielgood, Defendants–Appellees.

No. 03–15772, 03–16124.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 15, 2004.

Decided June 21, 2004.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Lawrence N. Hensley, Esq., Nageley, Meredith & Miller, Inc., Sacramento, CA, for Plaintiffs–Appellants.

Michael P. Clark, Esq., Peter P. Edrington, Esq., Edrington, Schirmer & Murphy, Pleasant Hill, CA, for Defendants–Appellees.

Before: T.G. NELSON, W. FLETCHER, and BERZON, Circuit Judges.

## MEMORANDUM *

Arne, Rhonda, and Melysa Romstad appeal four decisions made by the district court in their suit against Contra Costa County and other defendants. We affirm. The parties are familiar with the facts, and we will not recite them here.

■ The district court did not err, much less abuse its discretion,[1] when it denied Plaintiffs' late motion to amend to add three central defendants. The potential prejudice to the existing and proposed defendants from such a late amendment justified the court's decision.[2] Plaintiffs knew of the proposed defendants' roles by the end of November 2000 at the latest. Yet they waited to file their motion until after the parties had completed discovery, this court had resolved an interlocutory appeal, the district court had scheduled a trial date, and the time for filing dispositive motions was about to end.[3] The proposed defendants would have been entitled to assert their own qualified immunity defenses based on their unique circumstances.[4] Moreover, they would have been entitled to appeal if the district court found they lacked immunity. Thus, Plaintiffs' delay invited piecemeal appeals and, if the district court had granted their motion, the

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

1. See Zivkovic v. S. Cal. Edison Co., 302 F.3d 1080, 1087 (9th Cir.2002).

2. See United States v. Webb, 655 F.2d 977, 980 (9th Cir.1981).

3. Compare DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 188 (9th Cir.1987) (noting that no prejudice from the delay in that case occurred because the case was "still at the discovery stage with no trial date pending, nor has a pretrial conference been scheduled").

4. We reject counsel's argument that a motion to amend before the first appeal would have wasted the court's time. To the contrary, such a motion would have allowed the district court and this court to address all claims of qualified immunity at once.

delay would have imposed a substantial burden on the courts and the defendants. Accordingly, the district court properly denied Plaintiffs' motion.

■ The district court also did not err, much less abuse its discretion,[5] by denying Plaintiffs' motion to preclude the introduction of the videotape. The defendants were not at fault for the delay in procuring the tape, and they provided a copy to Plaintiffs immediately after obtaining it. In addition, the plaintiffs had a fair opportunity to analyze the tape before the defendants introduced or referred to it at trial.

■ The district court also did not err when it excluded the testimony of Plaintiffs' expert. The preferred testimony would not have helped the jury evaluate what a reasonable social worker could be expected to discern from the interview.[6] Plaintiffs failed to raise before the district court their other arguments regarding the expert. Accordingly, we will not consider them.[7]

■ The district court did not abuse its discretion[8] when it struck the testimony of Shirley Michael. Her description of the foster care technician's statement that the records made it look like the license was suspended went to the truth of the matter the plaintiffs sought to prove: that their license was effectively suspended. Accordingly, it was hearsay.[9] The district court did not err when it concluded that the evidence did not satisfy the catchall exception of Federal Rule of Evidence 807. The technician interpreted the records, she did not merely read them, and neither the technician nor the records were available at trial. Accordingly, no good way to test the reliability of the evidence existed, and the court thus properly excluded it.[10]

■ Finally, the district court properly granted judgment as a matter of law in favor of Defendant Marcia LeBoeuf. Because no party prevailed at trial, we must construe the evidence in the light most favorable to the nonmoving party: the plaintiffs.[11] Even doing so, we conclude that a reasonable social worker in LeBoeuf's position would not have known that her conduct was unlawful.[12] LeBoeuf was relatively inexperienced as an investigator, and other supervisors had disagreed with her evaluation of the situation even before Supervisor Jensen did. Moreover, LeBoeuf did not know if Jensen's order was based on information in addition to that which LeBoeuf had provided. In these circumstances, a reasonable social worker in LeBoeuf's position would not have known that exigent circumstances did not exist and that her removal of Melysa was therefore unlawful.[13]

AFFIRMED.

---

**5.** See *McEuin v. Crown Equip. Corp.*, 328 F.3d 1028, 1032 (9th Cir.2003).

**6.** See *Saucier v. Katz*, 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001); FED. R.EVID. 701.

**7.** See *Idaho Watersheds Project v. Hahn*, 307 F.3d 815, 830 (9th Cir.2002)

**8.** See *McEuin*, 328 F.3d at 1032.

**9.** FED.R.EVID. 801.

**10.** See FED.R.EVID. 807.

**11.** See *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1060 (9th Cir.2000).

**12.** See *Saucier*, 533 U.S. at 202, 121 S.Ct. 2151.

**13.** *Id.*