**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

ANTHONY THOMAS CHERNETSKY,

Plaintiff - Appellant,

v.

STATE OF NEVADA; et al.,

Defendants - Appellees.

No. 08-16100

D.C. No. 3:06-cv-00252-RCJ-RAM

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Robert C. Jones, District Judge, Presiding

Submitted July 19, 2010[**]

Before:     B. FLETCHER, REINHARDT, and WARDLAW, Circuit Judges.

Anthony Thomas Chernetsky, a Nevada state prisoner, appeals pro se from

the district court's summary judgment for defendants in his 42 U.S.C. § 1983

action alleging that the defendants violated his rights under the Religious Land Use

and Institutionalized Person's Act of 2000, 42 U.S.C. § 2000cc, *et seq*.

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

("RLUIPA"), and the First and Fourteenth Amendments. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Shakur v. Schriro*, 514 F.3d 878, 883 (9th Cir. 2008), and we vacate in part, affirm in part and remand.

Chernetsky claims that Nevada Administrative Regulation ("AR 810") violates his rights under RLUIPA because it burdens him, as a member of the Wicca faith, from exercising his religion. The district court properly determined that the named individual defendants were entitled to qualified immunity because Chernetsky failed to demonstrate that his rights to relief under RLUIPA were clearly established between 2004 and 2006. *See Sorrels v. McKee*, 290F.3d 965, 969 (9th Cir. 2002) (stating that the plaintiff bears the burden of showing that the right is clearly established).

However, there is a genuine issue of material fact as to whether the State has established a compelling interest in restricting Chernetsky's religious exercise, in particular his access to a sweat lodge, and that AR 810 is the least restrictive means for furthering that interest. *See Greene v. Solano County Jail*, 513 F.3d 982, 989-90 (9th Cir. 2008) ("[I]n light of RLUIPA, no longer can prison officials justify restrictions on religious exercise by simply citing to the need to maintain order and security in a prison. RLUIPA requires more."). The State did not provide sufficient evidence to analyze whether the prison's application of AR 810 is the

least restrictive means available to advance a compelling state interest. Moreover, the State argues on appeal that AR 810 has been amended subsequent to the district court's decision. Accordingly, we vacate summary judgment for defendants on the RLUIPA claim, and remand for further proceedings.

We do not address Chernetsky's constitutional claims because he has not raised them on appeal. *See Acosta-Huerta v. Estelle*, 7 F.3d 139, 144 (9th Cir. 1992) (issues not supported by argument are deemed abandoned). However, on remand, the district court should consider whether to grant Chernetsky leave to amend any of these claims. *See United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981) (a party may amend a complaint as a matter of course before a responsive pleading is served).

The parties shall bear their own costs on appeal.

**AFFIRMED in part, VACATED in part, and REMANDED.**

08-16100