**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SATISH RAMACHANDRAN, | No. 24-4894 |
| Plaintiff - Appellant, | |
| v. | D.C. No. 5:18-CV-01223-VKD |
| CITY OF LOS ALTOS, et al., | MEMORANDUM[*] |
| Defendants - Appellees. | |

Appeal from the District Court for the Northern District of California
Hon. Virginia K. DeMarchi, Presiding Magistrate Judge

Argued and Submitted March 3, 2026
San Francisco, California

Before: S.R. THOMAS and GOULD, Circuit Judges, and MORRIS, Chief District Judge.[**]

Satish Ramachandran appeals the district court's grant of Appellees' motion

for judgment on the pleadings; the order denying his motion for relief from, or

amendment of, judgment under the Federal Rules of Civil Procedure ("Rules") 59

and 60; the order denying in part Appellant's motion for leave to amend his Third

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Brian Morris, Chief United States District Judge for the District of Montana, sitting by designation.

Amended Complaint; and the order granting in part Appellees' motion for summary judgment. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court.

We review de novo the dismissal based on claim preclusion. *Mpoyo v. Litton Electro-Optical Sys*., 430 F.3d 985, 987 (9th Cir. 2005). We review the district court's denial in part of Appellant's motion for leave to amend for abuse of discretion. *Ebner v. Fresh, Inc.*, 838 F.3d 958, 963 (9th Cir. 2016). We review the district court's granting of summary judgment de novo, *Jones v. Royal Admin. Servs., Inc.*, 887 F.3d 443, 447 (9th Cir. 2018), and its denial of Appellant's motion for relief from, or amendment of, the judgment for abuse of discretion, *Duarte v. Bardales*, 526 F.3d 563, 567 (9th Cir. 2008).

Because the parties are familiar with the history of the case, we need not recount it here.

I

The district court properly concluded that the state court judgment precluded Appellant from continuing to litigate his First Amendment retaliation claim in federal court. "The Federal Full Faith and Credit statute, 28 U.S.C. § 1738, requires federal courts to 'give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment

2

was rendered.'" *Gonzales v. California Dep't of Corr.*, 739 F.3d 1226, 1230 (9th Cir. 2014) (quoting *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984)). Under California law:

> [c]laim preclusion prevents relitigation of the same cause of action in a second suit between the same parties or parties in privity with them. Claim preclusion arises if a second suit involves: (1) the same cause of action (2) between the same parties (3) after a final judgment on the merits in the first suit. If claim preclusion is established, it operates to bar relitigation of the claim altogether.

*DKN Holdings LLC v. Faerber*, 61 Cal. 4th 813, 824 (2015) (internal quotations and citations omitted). "Generally speaking, a prior judgment between the same parties is res judicata on matters which were raised or could have been raised, on matters litigated or litigable." *Kim v. Reins Int'l California, Inc.*, 9 Cal. 5th 73, 92–93 (2020) (internal citations and quotations omitted).

"California courts will hold that two suits involve the same cause of action when they involve the same 'primary right.'" *Furnace v. Giurbino*, 838 F.3d 1019, 1024 (9th Cir. 2016) (quoting *Brodheim v. Cry*, 584 F.3d 1262, 1268 (9th Cir. 2009)). "Under this theory 'a cause of action is comprised of a primary right of the plaintiff, a corresponding primary duty of the defendant, and a wrongful act by the defendant constituting a breach of that duty.'" *Id.* (quoting *Mycogen Corp. v. Monsanto Co.*, 28 Cal. 4th 888, 904 (2002)) (citation modified). "The cause of

3

action is the right to obtain redress for a harm suffered, regardless of the specific remedy sought or the legal theory (common law or statutory) advanced." *Boeken v. Philip Morris USA, Inc.*, 48 Cal. 4th 788, 798 (2010). "Even where there are multiple legal theories upon which recovery might be predicated, one injury gives rise to only one claim for relief. Hence a judgment for the defendant is a bar to a subsequent action by the plaintiff based on the same injury to the same right, even though he presents a different legal ground for relief." *Id.* (internal citation omitted); *see also Furnace*, 838 F.3d at 1024 (9th Cir. 2016) ("Thus, in California, if two actions involve the same injury to the plaintiff and the same wrong by the defendant then the same primary right is at stake even if in the second suit the plaintiff pleads different theories of recovery, seeks different forms of relief and/or adds new facts supporting recovery.") "Thus, under the primary rights theory, the determinative factor is the harm suffered." *Boeken*, 48 Cal. 4th at 798.

Here, the state court action involves the same cause of action as asserted in federal court, involves the same parties, and was terminated in a final judgment on the merits. Thus, Appellant's federal action is barred by claim preclusion.

Appellant argues that the harm suffered as associated with his First Amendment retaliation claim and state court action are distinct. He supports this position through (1) arguing that the constitutional amendments associated with the

4

state and federal claims are different and thus involve different primary rights; and (2) the factual time lines relevant to each complaint are different such that each harm suffered is unique.

First, simply having claims argued under two different constitutional amendments does not save Appellant from claim preclusion. In *Gonzales*, we determined that a procedural evidence/due process claim was not a separate harm from plaintiff's later substantive First Amendment and Equal Protection Clause claim when considering California claim preclusion law. 739 F.3d at 1233–34. Similarly, in *Furnace*, we held that the plaintiff's "retaliation, First Amendment, and Equal Protection claims involved the same primary right at issue in the Furnace's earlier state habeas proceeding." 838 F.3d at 1027 (internal citation omitted). We held that the "plaintiff's primary right is the right to be free from the particular injury suffered and must therefore be distinguished from the legal theory on which liability for that injury is premised." *Id.* at 1025 (internal citation omitted). Thus, at least in the case of claim preclusion, California law views the constitutional amendment associated with the complaint as a *legal theory* rather than a *primary right* of the appellant.

Here, Appellant's primary right in each complaint is not the constitutional amendment guiding the legal theory of his claim but instead the right to be free

5

from the harm suffered, and the harm suffered by Appellant in each of his complaints is the same. Appellant's state court action describes (1) conspiratorial collaboration between defendants and false statements leading to the issuance of a search warrant and the prosecution of the Appellant; (2) threats, intimidation, or coercion, or the attempt of threats, intimidation or coercion by defendants; and (3) Appellant's inability to exercise his property rights due to discrimination based on immutable characteristics. Appellant's remaining federal First Amendment retaliation claim on appeal describes (1) Appellees' fabrication of code violations against Appellant;

(2) fraudulently obtaining and executing a search warrant in attempt to enforce those fabricated code violations; and (3) "making permitting and code enforcement decisions aimed at infringing on Appellant's property rights." All harm suffered by Appellant within the First Amendment retaliation claim has already been encompassed within the state court action. As such, the causes of action are the same between the two cases.

Second, Appellant claims that the First Amendment retaliation claim cannot have the same cause of action as the claims in the state court action because the retaliation harms were "carried out over the course of years . . . distinct from the singular instance of Malicious Prosecution" in the state court case. However, as

6

demonstrated by the incorporated factual allegation sections of both the state and federal complaints, each of the time lines relevant for the complaints begin as early as March 2013 and encompass the same events.

Appellant argues that claim preclusion does not apply because his state court action included his neighbors, the Jacobses, as defendants unlike the First Amendment retaliation claim, and the Jacobses are not in privity with any of the City of Los Altos Appellees. This argument fails—the Jacobses do not need to be in privity with the other parties because all parties in the case below were party to the state court action.

> Adverse parties are deemed to be the same in a subsequent action when the judgment or other determination in the earlier case could have been made between them alone, although other parties were joined with both or either. Thus, the fact that some persons joined as parties in the first action are not parties in the second does not affect the operation of the prior judgment against those parties to the second action who are bound by the previous judgment.

40A Cal. Jur. 3d Judgments § 238.

The Jacobses' lack of presence in the action below is of no consequence here because the City defendants were the same and thus bound by the previous judgment.

No party disputes that the state case was a final judgment on the merits.

As such, because Appellant's First Amendment retaliation claim shares its causes of action and its parties with the dismissed state court action and because the state court action reached a final judgment on the merits, Appellant's claim here is barred under claim preclusion.

II

The district court did not abuse its discretion in denying leave to amend. As we have noted:

> Under Fed.R.Civ.P. 15(a), after twenty days from the date when the initial complaint was served, "a party may amend [its] pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires." Although the rule should be interpreted with "extreme liberality," *United States v. Webb*, 655 F.2d 977, 979 (9th Cir.1981), leave to amend is not to be granted automatically. A trial court may deny such a motion if permitting an amendment would prejudice the opposing party, produce an undue delay in the litigation, or result in futility for lack of merit. *See Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962) (listing these factors among others to be considered).

*Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Nonetheless, "dismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment. A district court's discretion to deny leave to amend is 'particularly broad' where the plaintiff has previously amended." *Salameh v. Tarsadia Hotel*, 726 F.3d 1124, 1133 (9th Cir. 2013) (internal quotations and citations omitted).

8

We have upheld a denial of a motion for leave to amend where the plaintiff would prejudice defendants by making the motion "on the eve of the discovery deadline." *Solomon v. N. Am. Life & Cas. Ins. Co.*, 151 F.3d 1132, 1139 (9th Cir. 1998). The district court was correct in noting that the addition of claims against defendants who were not party to the federal case would be prejudicial as they would need to challenge the claims brought against them as well as participate in discovery. Thus, the district court did not err in dismissing the claims against new defendants.

Nor did the district court err in dismissing the RICO claim against defendants who were already party to the case. As the district court noted, the RICO claim, while born out of overlapping events, would have required a separate process for discovery specifically on the allegations of mail and wire fraud needed to successfully make the RICO claim, thereby prejudicing defendants.

Appellant argues that it was illogical for the district court to find that the RICO claims were both too "distinct from the [Third Amended Complaint] claims" to be granted in the Fourth Amended Complaint while also too similar to be spared from claim preclusion. To the extent that the proposed RICO claims and the harms outlined in the state court action are the same allegations, they were barred from the district court under different theories of law.

Appellant also argues that Rule 15(d) should have been construed liberally in support of his motion. However, the new claims Appellant sought to add had already occurred by the time that he sought to file the Third Amended Complaint, which was filed about a year before Appellant sought to file the Fourth Amended Complaint at issue here.

In short, the district court did not abuse its discretion in denying in part Appellant's motion for leave to amend.

## III

The district court properly granted summary judgment and correctly denied Appellant's motion for relief from judgment. Appellant's opening brief as it relates to each of these alleged errors lacks sufficient reference to legal authority and the factual record. "The Court of Appeals will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief." *Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986); *see also Sekiya v. Gates*, 508 F.3d 1198, 1200 (9th Cir. 2007) ("Bare assertions and lists of facts unaccompanied by analysis and completely devoid of caselaw fall far short of the requirement that counsel present 'appellant's contentions and the reasons for them.'"). Therefore, we dismiss Appellant's appeals of the district court's grant of

10

summary judgment and denial of Appellant's motion for relief from, or amendment of, the judgment.

IV

In conclusion, we **AFFIRM** each of the district court's determinations on appeal. All pending motions are denied.

**AFFIRMED.**