91 F.3d 1326
 96 Cal. Daily Op. Serv. 5786, 96 Daily Journal
D.A.R. 9439,
Pens. Plan Guide P 23923W
Jimmy PISCIOTTA; Robert Stevens; Larry Anderson; Walter
Herbert; Harry Trout; James Horne, individually
and on behalf of all others similarly
situated, Plaintiffs-Appellants,
v.
TELEDYNE INDUSTRIES, INC.; and Teledyne, Inc., Defendants-Appellees.
 No. 94-55862, CV-93-14-JNK.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted April 11, 1996.
Decided Aug. 5, 1996.
 
 Dale A. Hilmen, San Diego, California, for plaintiffs-appellants.
 Mark S. Pulliam and Kenneth M. Fitzgerald, Latham & Watkins, San Diego, California, for defendants-appellees.
 On Appeal from the United States District Court for the Southern District of California, Judith N. Keep, District Judge, Presiding. D.C. No. CV-93-14-JNK.
 Before: GOODWIN and HAWKINS, Circuit Judges, and WARE,* District Judge.
 PER CURIAM:
 
 
 1
 Appellants seek review of the district court's orders dismissing Appellants' seventh and eighth causes of action, granting summary judgment in favor of Teledyne Industries, Inc. And Teledyne, Inc. ("Teledyne") and denying Appellants' motion to amend their complaint to add a claim based on promissory estoppel. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the district court's orders.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 2
 Appellants are approximately 400 present and former salaried employees of Appellee, Teledyne Industries, Inc. Appellants contend that Teledyne violated ERISA when it imposed a monetary cap on the amount it would pay for medical insurance for retired employees. In 1972 Teledyne established a medical insurance policy for its employees which provided that upon retirement of any salaried employee with 15 or more years of continuous service, it would pay the entire health care insurance premiums for the remainder of the employee's life and the remainder of the employee's spouse's life. Subsequently, Teledyne announced modifications of the health care benefits, limiting the amount it would pay for medical insurance premiums for retired employees.
 
 
 3
 In November, 1992, Appellants filed a class action lawsuit against Teledyne in state court, contending that Teledyne's modifications and limitations of retiree health benefits deprived them of vested rights in violation of ERISA. Appellants also alleged that Teledyne's actions were a breach of contract and they alleged other related state law claims.
 
 
 4
 In January, 1993, Teledyne removed the action to federal court. The district court granted Appellants' motion to certify a class consisting of employees and who (1) retired from Teledyne after November of 1968 and who were receiving retiree medical benefits from Teledyne as of July 1, 1991 (and their surviving spouses) or (2) were eligible to retire as of June 30, 1992, whether or not they had done so.
 
 
 5
 Teledyne moved to dismiss the state law claims on the ground that they were preempted by ERISA. In June, 1993, the district court dismissed the state law claims.
 
 
 6
 In August of 1993, the district court granted a motion by Appellants to allow them to amend their complaint to add to claims denominated the seventh and eighth causes of action seeking reimbursement of the amount of insurance premiums which Appellants had paid beyond the financial cap which had been imposed by Teledyne and for an accounting. However, on October 12, 1993, the district court granted Teledyne's motion to dismiss the reimbursement and accounting claims. Appellants appeal the dismissal of those claims.
 
 
 7
 Also in August, 1993, Appellants sought permission to add a claim that Teledyne was promissorily estopped from imposing a cap. The district court denied Appellants' motion to amend the complaint to add a promissory estoppel cause of action. Appellants appeal the district court's denial of permission to add a promissory estoppel claim.
 
 
 8
 In January of 1994, the district court again denied Appellants' request to amend the complaint to add a promissory estoppel claim and, in addition, granted a motion by Teledyne for summary judgment on the entire case. Appellants filed a motion for reconsideration, which was denied by the district court on March 14, 1994. Appellants timely appealed.
 
 
 9
 The appeal requests relief from the district court's orders: (1) granting Teledyne's motion for summary judgment and denying Appellants' motion for reconsideration; (2) denying Appellants' leave to amend their complaint to add a promissory estoppel claim; and, (3) granting Teledyne's motion to dismiss the seventh and eighth causes of action. We have jurisdiction pursuant to 28 U.S.C. § 1291. The district court's orders are reviewed separately below.
 
 DISCUSSION
 
 10
 I. District Court's Order Granting Summary Judgment
 
 A. Standard of Review
 
 11
 The decision of the district court to grant a motion for summary judgment is reviewed de novo. Felton v. Unisource Corp., 940 F.2d 503, 508 (9th Cir.1991). A reviewing court must view the evidence in the light most favorable to the non-moving party and determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Tzung v. State Farm Fire and Casualty Co., 873 F.2d 1338, 1339-40 (9th Cir.1989).
 
 B. Summary Plan Description Requirement
 
 12
 ERISA was enacted in 1974 to govern the administration of two kinds of employee benefit plans: welfare benefit plans and pension benefit plans. Fort Halifax Packing Co., Inc. v. Coyne, 482 U.S. 1, 8, 107 S.Ct. 2211, 2215-16, 96 L.Ed.2d 1 (1987). Any plan or fund or program which an employer establishes or maintains for the purpose of providing medical, surgical or hospital care or benefits to its participants or their beneficiaries is defined by ERISA as a welfare benefit plan. 29 U.S.C. § 1002(l ).
 
 
 13
 ERISA requires welfare benefit plans to be established and maintained pursuant to a written instrument. 29 U.S.C. §§ 1102(a)(1), 1102(b). In addition, an employer must provide employees with a written Summary Plan Description ("SPD") which describes the employees' plan. 29 U.S.C. § 1022(a)(1).
 
 
 14
 In order to constitute a SPD, ERISA requires that a document contain the following information: (1) the name and type of administration of the plan; (2) the name and address of the person designated as agent for the service of legal process, if such person is not the administrator; (3) the name and address of the administrator; (4) names, titles, and addresses of any trustee or trustees (if they are persons different from the administrator); (5) a description of the relevant provisions of any applicable collective bargaining agreement; (6) the plan's requirements respecting eligibility for participation and benefits; (7) a description of the provisions providing for nonforfeitable pension benefits; (8) circumstances which may result in disqualification, ineligibility, or denial or loss of benefits; (9) the source of financing of the plan and the identity of any organization through which benefits are provided; (10) the date of the end of the plan year and whether the records of the plan are kept on a calendar, policy, or fiscal year basis; (11) the procedures to be followed in presenting claims for benefits under the plan; and, (12) the remedies available under the plan for the redress of claims which are denied in whole or in part. 29 U.S.C. § 1022(b).
 
 
 15
 "The SPD is the statutorily established means of informing participants of the terms of the plan and its benefits. See, 29 U.S.C. §§ 1022(a) & 1102; 29 C.F.R. § 2520.102-2. Accordingly, any retiree's right to lifetime medical benefits at a particular cost can only be found if it is established by contract under the terms of the ERISA-governed benefit plan document. See, Moore v. Metropolitan Life Ins. Co., 856 F.2d 488, 492 (2d Cir.1988)."
 
 
 16
 Alday v. Container Corp. Of America, 906 F.2d 660, 665 (11th Cir.1990), cert. denied 498 U.S. 1026, 111 S.Ct. 675, 112 L.Ed.2d 668 (1991).
 
 
 17
 Appellants contend that the language contained in an insurance booklet issued in 1969 by the then primary insurance carrier for Teledyne, Connecticut General Insurance Company, should be deemed to be a SPD. The booklet provides in pertinent part:CONTINUATION OF INSURANCE
 
 
 18
 Retired Employee and Surviving Spouse Benefits
 
 Insurance Continued
 
 19
 Hospital-Surgical-Medical Insurance for you (excluding Drug and Dental benefits) for you and your family members. $3.00 payment to you toward cost of Medicare "B" premium for you and $3.00 for your spouse age 65 and over.
 
 Period of Continuation
 
 20
 During the lifetime of you and your spouse.
 
 Monthly Contributions
 
 21
 None.
 
 
 22
 Surviving Spouse.... Period of Continuation
 
 
 23
 During her lifetime.
 
 Spouse's Monthly Contribution
 
 24
 None.
 
 
 25
 The booklet was republished in 1972 and contained the identical language. Appellants contend that the booklets constituted or should be deemed to constitute a SPD and as such would require Teledyne to provide retirees and their spouses with lifetime medical insurance premium payments.
 
 
 26
 In granting Teledyne's motion for summary judgment, the district court concluded that the 1969 and 1972 booklets did not constitute a SPD because they lacked ten of the required twelve elements set forth in 29 U.S.C. § 1022(b). Appellants argue that the district court erred in granting summary judgment in favor of Teledyne because there is a genuine issue of material fact as to whether the booklets may be considered a SPD. Bower v. Bunker Hill Co., 725 F.2d 1221, 1223 (9th Cir.1984).
 
 
 27
 In support of its contention, Appellants point out that the district court found that particular elements required for a SPD were lacking which were, in fact, conceded to exist by Teledyne. Appellants' argument is insignificant, however, because it is undisputed and Appellants concede that neither the 1969 booklet nor the 1972 booklet contained all twelve of the required statutory elements. Accordingly, the district court correctly concluded that there was no triable issue of material fact and that, as a matter of law, the booklets did not constitute SPDs.
 
 
 28
 The booklets do not meet the statutory definition of a SPD. 29 U.S.C. § 1022(b). Therefore, the district court properly granted Teledyne's motion for summary judgment regarding Teledyne's alleged promise to pay lifetime medical benefits to retirees and their surviving spouses. See Wise v. El Paso Natural Gas Co., 986 F.2d 929, 937 (5th Cir.1993), cert. denied 510 U.S. 870, 114 S.Ct. 196, 126 L.Ed.2d 154 (1993). No plan documents exist which support such a promise.
 
 
 29
 Nor does the fact that Teledyne failed to produce a SPD to the district court for the time period between 1977 to 1987 mean that Appellants are entitled to lifetime medical benefits. Any ERISA claimant who suffers because of a fiduciary's failure to comply with ERISA's procedural requirements is ordinarily not entitled to a substantive remedy such as the retroactive reinstatement of benefits. McKenzie v. General Telephone Co. of Calif., 41 F.3d 1310, 1315 (9th Cir.1994), cert. denied --- U.S. ----, 115 S.Ct. 1697, 131 L.Ed.2d 560 (1995).
 
 C. Teledyne's Disclaimer
 
 30
 The district court found that even if the booklets were construed to constitute SPDs, the right to the lifetime payment of medical insurance premiums did not become vested under the terms of the so-called plan. In general, welfare benefits are not subject to vesting requirements under ERISA. 29 U.S.C. § 1051(1). Employers may adopt, modify or terminate welfare benefit plans. Curtiss-Wright Corp. v. Schoonejongen, --- U.S. ----, ----, 115 S.Ct. 1223, 1228, 131 L.Ed.2d 94 (1995).
 
 
 31
 By contrast, pension benefit plans are vested and the ERISA statute imposes participation, funding and vesting requirements on pension plans. Shaw v. Delta Air Lines, Inc., 463 U.S. 85, 89, 103 S.Ct. 2890, 2896, 77 L.Ed.2d 490 (1983). The booklets at issue herein clearly refer to welfare benefits rather than pension benefits.
 
 
 32
 The district court concluded that the Appellants could not justifiably rely on the language contained in the insurance booklets as creating a nonmodifiable benefit because the booklets contained the following disclaimer:
 
 
 33
 "This booklet describes provisions of the group insurance program contained in the contract between the company and the insurance carrier. The contract shall be the controlling document."
 
 
 34
 The contract reserves to Teledyne the right to modify or terminate employee welfare benefits. Appellants argue that the disclaimer should not be considered as a reservation of a right to modify or terminate the benefits because the actual reservation was not contained in the booklets which were distributed to the employees. The disclaimer clearly stated that the contract was the controlling document. The contract was available for review by any employee who wished to see it. Therefore, the reservation was effective.
 
 
 35
 II. District Court's Order Denying Motion to Amend Complaint
 
 
 36
 Leave to amend is entrusted to the sound discretion of the trial court and will be reversed only when such discretion has been abused. Hancock Oil Co. v. Universal Oil Products Co., 120 F.2d 959, 961 (9th Cir.1941), cert. denied 314 U.S. 666, 62 S.Ct. 127, 86 L.Ed. 533 (1941).
 
 
 37
 An ERISA beneficiary may recover benefits under an equitable estoppel theory upon establishing a material misrepresentation, reasonable and detrimental reliance upon the representation and extraordinary circumstances. In Re Unisys Corp. Retiree Medical Benefit "ERISA" Litigation, 58 F.3d 896, 907 (3rd Cir.1995). The Ninth Circuit has imposed two additional prerequisites on a plaintiff attempting to allege a claim of equitable estoppel in an ERISA action. First, the provisions of the plan at issue must be ambiguous such that reasonable persons could disagree as to their meaning or effect. Greany v. Western Farm Bureau Life Ins. Co., 973 F.2d 812, 821 (9th Cir.1992). Second, representations must be made to the employee involving an oral interpretation of the plan. Id. "Unless both conditions are met ... a beneficiary has no equitable estoppel claim." Greany, supra at p. 821-822, quoting Simmons v. Southern Bell Tel. and Tel. Co., 940 F.2d 614, 618 (11th Cir.1991).
 
 
 38
 The district court denied Appellants' motion to amend the complaint to allege a cause of action based on promissory estoppel on the basis that such amendment would be futile since Appellants could not allege that the plan language was ambiguous. On appeal, Appellants contend that Greany is distinguishable since the promise made in Greany was a post-ERISA promise while the promise allegedly made in this action was a pre-ERISA promise.
 
 
 39
 Although the Court agrees with Appellants that the Greany case involved a post-ERISA promise, it does not agree with Appellants that this case involves a pre-ERISA promise. Although some of the Appellant class may have been promised lifetime retiree medical benefits prior to the enactment of ERISA, many of the Appellant class members were made the same promise after the enactment of ERISA. Therefore, this distinction is immaterial and does not excuse Appellants from the necessity of pleading that the provisions of the plan are ambiguous, a fact which Appellants do not contend that they can properly plead. Accordingly, the Court finds that the district court did not abuse its discretion in denying Appellants' motion for leave to amend their complaint to allege a claim based on promissory estoppel.
 
 
 40
 III. District Court's Order Granting Appellees' Motion to Dismiss
 
 
 41
 A motion to dismiss based on the running of the statute of limitations may be granted only if the assertions in the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled. Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir.1980). Under federal law, a cause of action accrues when the plaintiff knows or has reason to know of the injury that is the basis of the action. Northern California Retail Clerks Unions, 906 F.2d at 1372 (9th Cir.1990).
 
 
 42
 Appellants' seventh and eighth causes of action sought reimbursement and accounting of contributions made in relation to the ERISA plan. The claims are based on the allegation that Teledyne improperly froze their reimbursement of Medicare Part-B premium at the level of $17.90 per person per month effective January 1, 1988. The claims arise under 29 U.S.C. § 1132. Both parties agree that the applicable statute of limitations is four (4) years. Northern California Retail Clerks Unions v. Jumbo Markets, Inc., 906 F.2d 1371, 1372 (9th Cir.1990).
 
 
 43
 Appellants' complaint was filed on November 20, 1992, four (4) years and ten (10) months after the effective date of the freeze. Accordingly, the district court granted Teledyne's motion to dismiss the seventh and eighth causes of action on the basis that such claims are barred by the four year statute of limitations.
 
 
 44
 Appellants contend that the district court erred by granting Teledyne's motion to dismiss because the "continuing violation" theory should be applied to this case. Under such theory, the statute of limitations does not begin to run until the last breach occurs. If the violations are continuing at the time of the filing of the complaint, then the statute has not begun to run. See Trustees for Alaska Laborers-Constr. Indus. Health & Sec. Fund v. Ferrell, 812 F.2d 512, 517 (9th Cir.1987).
 
 
 45
 Although Appellants urge this Court to apply the continuing violation theory to an ERISA case, this Circuit has expressly rejected the continuing violation theory in an ERISA benefit case arising under § 1113(a)(2). See Phillips v. Alaska Hotel and Restaurant Employees Pension Fund, 944 F.2d 509 (9th Cir.1991), cert. denied 504 U.S. 911, 112 S.Ct. 1942, 118 L.Ed.2d 548 (1992). Appellants contend that Phillips is distinguishable since the Court found that the case was controlled by the ERISA statute of limitations. The ERISA statute requires the plaintiffs knowledge to be measured from the "earliest date" on which he or she knew of the breach. 29 U.S.C. § 1113(a)(2). Applying the language of such statute, the Phillips court concluded that the continuing violation theory could not be applied because it would read the "actual knowledge" requirement out of the statute. The same analysis is applicable in this instance.
 
 
 46
 Here, the complaint alleges that the freeze was implemented as of January 1, 1988. It is clear from the face of such complaint that the Appellants knew in January of 1988 that their reimbursement amounts were frozen and could not be increased. Although they now contend that each and every time that they were entitled to a reimbursement payment it constituted a new and separate breach of ERISA by Appellants, the applicable four-year statute of limitations begins to run "when a plaintiff knows or has reason to know of the injury that is the basis of the action". Northern California Retail Clerks Unions, 906 F.2d at 1372-73 (9th Cir.1990). Such a knowledge requirement parallels the knowledge requirement contained in the ERISA statute of limitations. Therefore, the reasoning of Phillips applies in this instance despite the fact that the ERISA statute of limitations is not applicable in this case.
 
 CONCLUSION
 
 47
 For the reasons set forth above, the Court affirms the district court's orders granting Teledyne's motions to dismiss Appellants' seventh and eighth causes of action and granting summary judgment for Teledyne. The Court also affirms the district court's order denying Appellants' motion to amend the complaint to allege a claim based on promissory estoppel.
 
 
 
 *
 Honorable James Ware, United States District Judge for the Northern District of California, sitting by designation