**Laura SERPA, Plaintiff,**

v.

**SBC TELECOMMUNICATIONS, INC., SBC Services, Inc., and Does I–X, Defendants.**

**No. C 03–4223 MHP.**

United States District Court, N.D. California.

May 24, 2004.

---

Thomas M. Burton, Law Offices of Thomas M. Burton, Pleasanton, CA, for Plaintiff.

Stephen Henry Harris, Joseph Al Latham, Jr., Paul Hastings Janofsky & Walker LLP, Los Angeles, CA, for Defendants.

### MEMORANDUM & ORDER

**Re: Defendant's Motions to Strike and for Judgment on the Pleadings; Plaintiff's Motion for Leave to Amend**

PATEL, Chief Judge.

Plaintiff Laura Serpa originally brought this action against defendants SBC Telecommunications and SBC Services ("defendants") in state court seeking damages resulting from the distribution of retirement benefits under defendants' retirement program, the SBC Enhanced Pension and Retirement Program ("Pension Plan"). SBC Services is Serpa's former employer; SBC Telecommunications is a plan sponsor, administrator, and named fiduciary. In her state court complaint, Serpa alleged state law claims of negligence, promissory estoppel, fraud, and unfair business practices under California Business and Professions Code section 17200. Defendants removed the action to federal court on the ground that Serpa's state claims were completely preempted by the Employment Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1001 *et seq.* Now before this court are defendants' motion for judgment on the pleadings, plaintiff's motion for leave to amend those pleadings, and defendants' motion to strike the amended complaint for failure to secure the court's leave. After having considered the parties' arguments and submissions, and for the reasons set forth below, the court rules as follows.

## BACKGROUND [1]

### I. *Facts*

In 2000, defendants offered select employees an early retirement option. To help these employees understand their choices under the early retirement plan, defendants offered benefits counseling. Serpa spoke with Pension Plan administrators about her retirement policy, and the plan administrators offered her an enhanced retirement package in the amount of $374,000. Serpa accepted this early retirement option and resigned her position at SBC.

Following her retirement, however, defendants remitted only $265,000 of the $374,000 retirement package discussed. Serpa demanded a calculated summary pension statement from defendants, and she was told that $87,000 of her retire-

---

1. Unless otherwise noted, the facts are culled from the parties' papers.

ment benefit payout had been placed into a separate account as a set-aside for her ex-husband, Thomas Serpa, pursuant to a court-issued Qualified Domestic Relations Order ("QDRO"). Although the set-aside had been calculated ten months before she elected to retire, the deduction of that amount from the retirement payout was never discussed with Serpa.[2] Serpa alleges that the defendants misled her regarding the amount of early retirement benefits she would receive because they neglected to tell her that her ex-husband would receive a portion of her Pension Plan benefits. Serpa claims that, because defendants set aside the required amount prior to her retirement, they should have informed her about the reduction in her benefits. Had defendants done so, she claims, she would not have taken the early retirement option.

## II. *Procedural History*

 Serpa filed a complaint in state court in August 2001, alleging negligence, promissory estoppel, fraud, and unfair business practices. For these alleged wrongs, Serpa seeks the full amount of promised benefits, lost salary and benefits, damages for mental and emotional distress, and punitive damages. Serpa amended her original state court complaint in August 2002, but she later abandoned it to pursue her claims through the Pension Plan's ERISA-mandated claims procedure. After completing the claims procedure without a satisfactory result, Serpa filed a second complaint in state court on August 12, 2003. Defendants removed the action to federal court in September 2003, answering the complaint and asserting that all of Serpa's claims were governed by ERISA.[3] Subsequent mediation and attempts to convince Serpa that her state claims were preempted under ERISA all failed, and defendants filed the instant motion for judgment on the pleadings.

Serpa subsequently attempted to amend her complaint by filing a new pleading that added two claims under ERISA (namely, breach of fiduciary duty and promissory estoppel). Because she failed either to obtain a stipulation from defendants or leave of the court to amend the complaint, defendants moved to strike Serpa's amended complaint under Rule 15(a). Serpa then filed a motion asking the court for leave to amend the complaint. *See* Fed.R.Civ.P. 15(a).

## LEGAL STANDARDS

### I. *Judgment on the Pleadings*

A motion for judgment on the pleadings is proper "when the moving party clearly establishes on the face of the pleadings

---

**2.** Serpa states that she later discovered that Thomas Serpa actually received $118,000, not $87,000, of her promised benefits. The court notes that Serpa's numbers do not add up. Either Thomas Serpa was ultimately paid $109,000 of his ex-wife's pension, or he was paid $118,000 and Serpa only received $256,000 of the promised $374,000 lump sum retirement package.

**3.** The well-pleaded complaint rule would ordinarily bar a defendant from removing to federal court a complaint that did not, on its face, state a federal cause of action. *See, e.g., Gully v. First National Bank*, 299 U.S. 109, 112, 57 S.Ct. 96, 81 L.Ed. 70 (1936) ("[A] right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action."). Nevertheless, Congress drafted ERISA to preempt state claims completely. 29 U.S.C. §§ 1144(a) & (c)(1). "The doctrine of complete preemption has been described as 'an independent corollary to the well-pleaded complaint rule.'" *Rutledge v. Seyfarth, Shaw, Fairweather, & Geraldson*, 201 F.3d 1212, 1215 (9th Cir.), *amended by* 208 F.3d 1170 (9th Cir.), cert. denied, 531 U.S. 992, 121 S.Ct. 482, 148 L.Ed.2d 456 (2000). This court therefore has jurisdiction because it is explicitly conferred by the ERISA statute and because the action was properly removed to federal court. 29 U.S.C. § 1132(e)(1); 28 U.S.C. § 1441.

that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Fed.R.Civ.P. 12(c); *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1550 (9th Cir.1989). In reviewing a motion under Rule 12(c), the court must assume that the facts alleged by the nonmoving party are true and must construe all inferences drawn from those facts in favor of the nonmoving party. *General Conference Corp. of Seventh–Day Adventists v. Seventh–Day Adventist Congregational Church*, 887 F.2d 228, 230 (9th Cir.1989), *cert. denied*, 493 U.S. 1079, 110 S.Ct. 1134, 107 L.Ed.2d 1039 (1990). The court need not assume the truth of legal conclusions in the complaint merely because they take the form of factual allegations. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981), *cert. denied*, 454 U.S. 1031, 102 S.Ct. 567, 70 L.Ed.2d 474 (1981).

## II. *Motion for Leave to Amend*

 A party is entitled to amend its pleadings once as a matter of course before a responsive pleading is served. *See* Fed.R.Civ.P. 15(a). After a response has been filed, a party may amend its pleadings "only by leave of court or by written consent of the adverse party." *Id.* Federal Rule of Civil Procedure 15(a) provides for the amendment of pleadings by leave of court and notes that such leave "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). This rule is applied with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir.2003). However, the grant or denial of a motion to amend is committed to the discretion of the district court, and the court may decline to grant leave where there is "any apparent or declared reason" for doing so. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962); *see also Lockman Found. v. Evangelical Alliance Mission*, 930 F.2d 764, 772 (9th Cir.1991). The Ninth Circuit

has interpreted *Foman* as identifying "four factors relevant to whether a motion for leave to amend pleadings should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party." *United States v. Webb*, 655 F.2d 977, 980 (9th Cir.1981). The enumerated factors are not of equal weight. *Id.* (citing *Howey v. United States*, 481 F.2d 1187 (9th Cir.1973)). "Prejudice is the touchstone of the inquiry under rule 15(a)." *Eminence Capital*, 316 F.3d at 1052. Absent prejudice, there is a presumption under Rule 15(a) in favor of granting leave to amend. *Id.* The party opposing leave to amend bears the burden of showing prejudice. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir.1987).

## DISCUSSION

### I. *Defendant's Motion for Judgment on the Pleadings*

 The parties have stipulated that the Pension Plan under which Serpa's retirement benefits were offered is both governed by ERISA and maintained by the defendants. The parties have also stipulated that SBC Services was Serpa's employer. *See* Mot. To Strike First Am. Compl., Dec. of Stephen Harris, Exh. B ("Parties' Stipulation as to Certain Facts Regarding the Pension Plan"), ¶¶ 1–4. Based on these facts and the allegations in the complaint, defendants argue that Serpa's state causes of action are preempted by ERISA section 514(a). 29 U.S.C. § 1144. Serpa contends that her claims are purely state law causes of action not subject to ERISA preemption because she neither disputes nor seeks to increase the amount of the retirement benefit. The damages she seeks, Serpa argues, result from the defendants' having misinformed her about her husband's share of her retirement benefits and are not related to

benefits available through the Pension Plan.

■■ Despite Serpa's attempt to plead otherwise, however, her claims are of the type completely preempted by ERISA. *Botsford v. Blue Cross & Blue Shield of Mont., Inc.,* 314 F.3d 390, 393 (9th Cir. 2002) (holding that where a federal law "completely preempts a plaintiff's state-law claim, that plaintiff may not escape federal jurisdiction no matter how careful his or her pleading."). ERISA provides that "[i]f a state law 'relate[s] to ... employee benefit plan[s],' it is pre-empted." *Pilot Life Ins. Co. v. Dedeaux,* 481 U.S. 41, 45, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987); 29 U.S.C. § 514(a). ERISA preemption is not limited to state statutes and rules; common law causes of action that "relate to" ERISA plans are also preempted. *Pilot Life,* 481 U.S. at 47–48, 107 S.Ct. 1549. A plaintiff's state law claim that merely seeks an alternative enforcement mechanism of an ERISA provision is preempted. *Dishman v. UNUM Life Ins. Co. of Am.,* 269 F.3d 974, 983 (9th Cir.2001). The Ninth Circuit has applied a "but for" standard to assess the relationship between the harm alleged and the ERISA-governed plan for purposes of determining whether a plaintiff is seeking such an alternate enforcement mechanism. *Id.* To avoid ERISA preemption, Serpa's claim must exist even without the defendants' failure to pay her benefit. *See id.* ("[Plaintiff's] damages for invasion of privacy remain whether or not [defendant] ultimately pays

his claim. His tort claim does not depend on or derive from his claim for benefits in any meaningful way.").

Serpa's claims would not exist absent the defendants' failure to pay retirement benefits. The court need not resort to any form of "uncritical literalism" to reach this conclusion: Had the Pension Plan paid out the amount Serpa expected, her state law claims for negligence, promissory estoppel, fraud, and unfair business practices would have no basis in fact or law. *Cf. Egelhoff v. Egelhoff,* 532 U.S. 141, 147, 121 S.Ct. 1322, 149 L.Ed.2d 264 (2001) (cautioning against "uncritical literalism" when interpreting ERISA's "related to" requirement). Serpa's original state claims are "related to" a qualifying employee benefit plan and, thus, are preempted by the ERISA.[4] Her attempt to plead state law claims is unavailing.[5] Construing all facts in favor of the non-moving party, defendants are entitled to judgment on the pleadings that Serpa's state law claims completely preempted by ERISA. Fed. R.Civ.P. 12(c).

II. *Plaintiff's Motion to Amend Complaint and Defendants' Motion to Strike*

As noted, once a defendant has filed a responsive pleading, a plaintiff must either seek a stipulation from adverse parties or leave from the court in order to amend a complaint. Fed.R.Civ.P. 15. Serpa did neither; instead, she e-filed her first amended complaint with this court.[6] Only

---

4. Furthermore, the Ninth Circuit has held that ERISA preempts state law claims based on an employer's alleged oral promises as to benefits provided by an ERISA plan even though ERISA provides no remedy for the employer's breach. *Olson v. General Dynamics Corp.,* 960 F.2d 1418, 1422–23 (9th Cir. 1991).

5. Serpa's original complaint strategically avoids all mention of ERISA.

6. Counsel, having forgotten that defendants filed an answer as part of their removal action from state court, mistakenly believed he was allowed to amend by right under Rule 15. Fed.R.Civ.P. 15(a); *see also Allwaste, Inc. v. Hecht,* 65 F.3d 1523, 1530 (9th Cir.1995) ("A party is entitled to amend pleadings once 'as a matter of course' at any time before a responsive pleading is served.").

after the defendants moved to strike that complaint did Serpa seek the court's permission by way of the pending motion to amend. In their opposition to plaintiff's request for leave to amend, defendants argue that the court should deny Serpa's motion on the grounds of undue delay, bad faith, futility, and undue prejudice. *See Webb*, 655 F.2d at 980.

### A. *Delay, Bad Faith, and Prejudice*

Defendants claim that Serpa has had over two years since the action was first filed in state court to amend her complaint to include causes of action under ERISA, but that she has deliberately and with bad faith refrained from doing so until the defendants filed their motion for judgment on the pleadings. Because of the delay, defendants argue, the court should deny Serpa's motion to amend her complaint. But delay by itself is not a sufficient reason to deny a motion to amend, *Webb*, 655 F.2d at 980, particularly "where there is a lack of prejudice to the opposing party and the amended complaint is obviously not frivolous or made as a dilatory maneuver in bad faith ...." *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Indus. of S. Ca.*, 648 F.2d 1252, 1254 (9th Cir.1981). Thus, defendants must demonstrate prejudice and some dilatory maneuver on Serpa's part.

Defendants' assertions that Serpa has engaged in bad faith dilatory practices fail. Although Serpa could have initially pleaded ERISA claims in state court, she did not believe she had to do so.[7] Serpa's first amended complaint in this court is her first attempt to add claims that are not preempted by ERISA. Although defendants adduce evidence showing that they asked Serpa to amend her complaint earlier, her refusal to do so is not sufficient to convince the court that she was engaged in dilatory litigation tactics. Furthermore, the defendants would not be substantially prejudiced if the court granted Serpa's motion to amend her complaint. *Eminence Capital*, 316 F.3d at 1052; *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir.1990). The ERISA claims Serpa seeks to add depend on the same set of facts as Serpa's preempted state claims; the defendants need not radically change their litigation strategy in order to accommodate the proposed ERISA claims, so defendants cannot claim substantial prejudice, in fact, this is the very strategy they have urged since the inception of Serpa's lawsuits.[8] *See, e.g., id.* (denying leave to amend not an abuse of discretion where amendment would have radically shifted the nature of the case, added defendants, and been made after "inordinate delay").

### B. *Futility*

Of all of the four factors, "[f]utility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir.1995). Where the theory presented in the amendment is lacking in legal foundation, or where previous attempts have failed to cure a deficiency and it is clear that the proposed amendment does not correct the defect, the court has discretion to deny the motion to amend. *Shermoen v. United States*, 982 F.2d 1312, 1319 (9th Cir.1992). Because it is possible for Serpa to amend her complaint to add the two causes of action under ERISA for breach

---

7. The defendants' argument that Serpa could have added her ERISA claims when she amended her state court complaint is unpersuasive for the same reason. *See* Defs.' Opp. to Pl.'s Mot. for Leave to File First Am. Compl. at 2.

8. This may be appropriate for consideration if and when an application for attorneys' fees is made.

of fiduciary duty and equitable estoppel, amendment would not be futile.[9]

### 1. Fiduciary Duty Claim

 Serpa seeks to amend her complaint to add a claim for breach of fiduciary duty under ERISA section 502(a)(3). 29 U.S.C. § 1132(a)(3). That subsection provides:

A civil action may be brought ... by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice with violates any provision of this sub-chapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this sub-chapter or the terms of the plan.

*Id.* The Supreme Court has held that "the words of subsection (3) ... are broad enough to cover individual relief for breach of a fiduciary obligation." *Varity Corp. v. Howe,* 516 U.S. 489, 510, 116 S.Ct. 1065, 134 L.Ed.2d 130 (1996). "To establish an action for equitable relief under [section 502(a)(3)], the defendant must be an ERISA fiduciary acting in its fiduciary capacity, and must 'violate[ ] ERISA-imposed fiduciary obligations.' " *Mathews v. Chevron Corp.,* 362 F.3d 1172, 1178 (9th Cir.2004) (citing *Varity,* 516 U.S. at 498, 506, 116 S.Ct. 1065). On the facts alleged in the complaint, there is little doubt that the defendants meet the requirements to be considered ERISA fiduciaries acting in their fiduciary capacities.[10] *See* 29 U.S.C. § 1002(21)(A). Under section 503(3), however, only equitable relief is available to plaintiffs. *McLeod v. Oregon Lithoprint Inc.,* 102 F.3d 376, 378 (9th Cir.1996). Thus, Serpa may be able to plead a breach of fiduciary duty under section 502(3),[11] provided she restricts her plea for equitable relief under the Pension Plan. But Serpa's amended complaint does not state a valid claim for breach of fiduciary duty pursuant to section 502(3). Instead, she requests money damages in the form of front pay and lost benefits. Although Serpa may claim that front pay and lost bene-

---

9. As set forth above, Serpa's state law claims are completely preempted. Even were the court not to grant defendants' motion for judgment on the pleadings, because Serpa can plead no set of facts that will save them from preemption, the court would have denied leave to amend those claims based on futility.

10. The Pension Plan designates each of the participating companies as plan administrators and fiduciaries. Section 3.1.1(a) states, in relevant part:

"The Company shall be the Plan Sponsor, the Plan Administrator, and a named Fiduciary of the SBCPBP. The committee, each organizational committee and subcommittee ..., and each Participating Company are also named Fiduciaries with respect to the particular duties and responsibilities herein provided to be allocated to each of them ..."

*See* Dec. of Stephen Harris, Notice of Removal, Exhibit E ("Pension Plan") § 3.1.1(a).

Furthermore, the parties have stipulated that defendants maintain the plan and thus meet the requirements for a fiduciary forth in 29 U.S.C. section 1002(21)(A):

"[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets, (ii) he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has any authority or responsibility to do so, or (iii) he has any discretionary authority or discretionary responsibility in the administration of such plan."

11. In her amended complaint, Serpa may only claim a breach of fiduciary duty under section 502(3). The other statutory basis for breach of fiduciary duty, 29 U.S.C. section 1109, holds a fiduciary personally liable for a breach of duty, but only for purposes of restoring profits to the affected plan. 29 U.S.C. § 1109(a).

fits are equitable in nature, they can, at best, be considered legal restitution, relief the Supreme Court held to be unavailable under section 502(3) in *Great–West Life & Annuity Insurance Co. v. Knudson*, 534 U.S. 204, 213–14, 122 S.Ct. 708, 151 L.Ed.2d 635 (2002).[12] To successfully amend her complaint to state a claim under section 502(3) for breach of fiduciary duty, Serpa must ensure that the remedy she seeks is limited to that allowable under section 502(3), being appropriately equitable in nature,[13] avoiding "impos[ing] personal liability on the defendant" while attempting "to restore ... particular funds or property in the defendant's possession." *Cf. Great–West Life*, 534 U.S. at 213–14, 122 S.Ct. 708.

### 2. Estoppel Claim

■■■■ Serpa also seeks to amend her complaint to add a claim for promissory estoppel under ERISA. 29 U.S.C. § 1132(a)(3). "ERISA preempts state equitable estoppel claims but a party may assert a federal equitable estoppel claim in an ERISA action." *Pisciotta v. Teledyne Industries, Inc.*, 91 F.3d 1326, 1331 (9th Cir.1996). An ERISA beneficiary may recover benefits under an equitable estoppel

theory upon establishing 1) a material misrepresentation, 2) reasonable and detrimental reliance upon the representation, and 3) extraordinary circumstances. *Id.* Serpa's allegations that defendants failed to inform her of the deduction under the QDRO and that she relied on their representation of a full benefit amount of $374,000 when accepting early retirement only loosely fulfill the first two of these pleading requirements.[14]

■■■ Even if a plaintiff establishes the initial three pleading requirements for equitable estoppel, relief is only available in the Ninth Circuit where 1) the provisions of the plan at issue are ambiguous such that reasonable persons could disagree as to their meaning or effect, and 2) representations were made to the employee involving an oral interpretation of the plan. *Id.* (combining the three base requirements for equitable estoppel claim under ERISA with Ninth Circuit requirements from *Greany v. Western Farm Bureau Life Ins. Co.*, 973 F.2d 812, 821 (9th Cir. 1992)). Therefore, to successfully state a claim for equitable estoppel under ERISA, Serpa must revise her equitable estoppel claim so that it fulfills the appropriate Ninth Circuit pleading requirements.

**12.** Even assuming that front pay and reinstatement of benefits in the amount originally promised could have been considered "equitable relief," Serpa has argued to date that she does not dispute the amount of benefits she received. Under that theory, the relief she seeks amounts to pure legal damages because she claims she is not seeking to reinstate disputed benefits. 29 U.S.C. § 1132(a)(3).

**13.** Courts look to the " 'substance of the remedy sought ... rather than the label placed on that remedy,' " *Westaff (USA) Inc. v. Arce*, 298 F.3d 1164, 1166 (9th Cir.2002) (quoting *Watkins v. Westinghouse Hanford Co.*, 12 F.3d 1517, 1528 n. 5 (9th Cir.1993)), to determine whether the relief requested by a plaintiff for

breach of fiduciary duty under ERISA is equitable in nature. *See also Mertens v. Hewitt Assocs.*, 508 U.S. 248, 255, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993) ("Although they often dance around the word, what petitioners in fact seek is nothing other than compensatory damages—monetary relief for all losses their plan sustained as a result of the alleged breach of fiduciary duties. Money damages are, of course, the classic form of legal relief.").

**14.** It is not clear to the court why plaintiff did not know of the QDRO deduction given that the QDRO was issued in the proceedings dissolving her marriage and to which, of course, she was a party.

*CONCLUSION*

The court hereby GRANTS defendants' motion to strike the e-filed complaint. It further GRANTS defendants' motion for judgment on the pleadings with respect to the four original state law claims and GRANTS plaintiff's motion for leave to amend the complaint to add fiduciary duty and promissory estoppel claims under ERISA. Plaintiff shall amend her complaint within thirty (30) days of the date of this order. Defendants shall file an answer within twenty (20) days of the date plaintiff files her amended complaint.

IT IS SO ORDERED.