Cynthia D. MOELLER, Plaintiff,

v.

QUALEX INC. and Eastman Kodak Company, Defendants.

No. CV06–011904 ABC.

United States District Court, C.D. California.

Sept. 27, 2006.

Lana Feldman, Lana Feldman Law Offices, Newport Beach, CA, for Plaintiff.

Christopher William Decker, O'Melveny and Myers, Los Angeles, CA, Karen M. Wahle, O'Melveny and Myers, Washington, DC, for Defendants.

## ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

COLLINS, District Judge.

Pending before this Court is Defendants' Motion to Dismiss, filed on July 5, 2006. Plaintiff Cynthia D. Moeller ("Plaintiff") opposed on August 7, 2006 and Defendants Qualex Inc. and Eastman Kodak Company (collectively, "Defendants") replied on August 14, 2006. On August 16, 2006 the Court requested additional briefing on the limited issue of whether Plaintiff is a "participant" within the meaning of 29 U.S.C. § 1002(7) thus giving her standing to bring an ERISA claim and in turn requiring consideration of ERISA preemption. Defendants filed their supplemental brief on August 25, 2006, and Plaintiff filed her opposition to Defendants' supplemental brief on September 1, 2006.

The Court finds the above-referenced matter appropriate for submission without oral argument. See Fed.R.Civ.P. 78; Local Rule 7–15. Accordingly, the scheduled hearing date of October 2, 2006, is VACATED. Having considered the materials submitted by the parties and the case file, and for the reasons indicated below, the Court GRANTS Defendants' motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff was employed by Defendants in the customer relations department from May of 1995 until September 23, 2002. Until December 1, 2002, Plaintiff was a member of the Teamsters Union, and was entitled to participate in various employee benefits plans pursuant to the terms of a collective bargaining agreement. Under the terms of the collective bargaining agreement, Plaintiff was not entitled to participate in Defendants' disability benefits plan.

In September 2002, Plaintiff became disabled and was forced to stop working. At that time, she began receiving state disability benefits. Plaintiff alleges that in October 2002 she was told by various representatives of the Defendants that if the union were to be successfully decertified (i.e., if Plaintiff and others voted to decertify the union) then she would immediately qualify for benefits including disability benefits. Plaintiff contends that as a result of these representations she voted to decertify the union. The union was decertified in December 2002.

Plaintiff contends that shortly after the union was decertified, she was contacted by Defendants and told to fill out an application in order to start receiving her disability benefits. Plaintiff submitted the application for disability benefits in February 2003.

In March 2003, Plaintiff alleges that Defendants' representative contacted her and told her that she needed to voluntarily terminate her employment in order to qualify for long term disability benefits. Plaintiff thus tendered her resignation.

Approximately one year later, on February 24, 2004, Plaintiff received a letter from Prudential Financial (Defendants' disability insurance carrier) informing her that she was not eligible for coverage under the long term disability plan. The letter stated: "We have confirmed that your LTD coverage became effective on December 1, 2002, when the union dissolved. Your date of disability, September 24, 2002, is prior to the effective date of LTD coverage." Plaintiff alleges that she made numerous inquiries to Defendants for further information regarding the reasons for denial of benefits. Defendants contend that Plaintiff failed to follow the proper administrative procedures for appealing the denial of benefits.

Plaintiff filed the instant case on February 24, 2006 in Los Angeles Superior Court. It was removed to this Court on March 29, 2006. On July 5, 2006, Defendants filed the instant motion seeking dismissal of Plaintiff's state law claims for: (1) breach of oral contract; (2) promissory estoppel; (3) fraud; and (4) intentional interference with contractual relations.[1]

## II. LEGAL STANDARD

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in the complaint. *See* Fed. R. Civ. Pro. 12(b)(6). Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990). "The Rule 8 standard contains 'a powerful presumption against rejecting pleadings for failure to state a claim.'" *Gilligan v. Jamco Dev. Corp.*, 108 F.3d 246, 249 (9th Cir.1997). A Rule 12(b)(6) dismissal is proper only where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir.1988); *accord Gilligan*, 108 F.3d at 249 ("A complaint should not be dismissed 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'").

The Court must accept as true all material allegations in the complaint, as well as reasonable inferences to be drawn from them. *See Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir.1998). The complaint must be read in the light most favorable to plaintiff. *See id.* However, the Court need not accept as true any unreasonable inferences, unwarranted deductions of fact, and/or conclusory legal allegations cast in the form of factual allegations. *See, e.g., Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir.1981).

Moreover, in ruling on a 12(b)(6) motion, a court generally cannot consider material outside of the complaint (*e.g.*, those facts presented in briefs, affidavits, or discovery materials). *See Branch v. Tunnell*, 14 F.3d 449, 453 (9th Cir.1994). A court may, however, consider exhibits submitted with the complaint. *See id.* at 453–54. Also, a

---

1. Plaintiff alleges the first through third claims against defendant Qualex Inc., and the fourth claim against defendant Eastman Kodak Company.

court may consider documents which are not physically attached to the complaint but "whose contents are alleged in [the] complaint and whose authenticity no party questions." *Id.* at 454. Further, it is proper for the court to consider matters subject to judicial notice pursuant to Federal Rule of Evidence 201. *See Mir, M.D. v. Little Co. of Mary Hospital,* 844 F.2d 646, 649 (9th Cir.1988).

## III. DISCUSSION

The ultimate issue raised by Defendants' motion is whether this action is governed by the provisions of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001, *et seq.* ("ERISA"). Analysis of this issue must proceed in two parts: *First,* at issue is whether Plaintiff's claims are "completely preempted" under 29 U.S.C. § 1132(a) ("ERISA § 502(a)"). If Plaintiff's claims are not "completely preempted", then Plaintiff does not have standing to bring a claim under ERISA, nor does this Court have federal question jurisdiction over Plaintiff's claims. However, even if Plaintiff's claims are not completely preempted, because diversity jurisdiction exists, the Court may consider Plaintiff's claims on the merits. *Second,* upon considering Plaintiff's claims on the merits, at issue is whether Defendants may successfully use "conflict preemption" under 29 U.S.C. § 1144 ("ERISA § 514") as a defense to Plaintiff's state law claims. If so, Plaintiff's claims must be dismissed.

### A. Plaintiff's Claims Are Not Completely Preempted Under ERISA § 502(a).

■ "Complete preemption" under ERISA § 502(a) (i.e., the ERISA civil enforcement provision) applies only to claims that are brought by those whose rights and obligations are governed or regulated by ERISA. These include participants, beneficiaries and fiduciaries as those terms are defined in 29 U.S.C. § 1002(7). If a plaintiff is not a participant, beneficiary or fiduciary, then the plaintiff's claims fall outside of ERISA § 502(a) and "complete preemption" does not apply. *See Harris v. Provident Life & Accident Ins. Co.,* 26 F.3d 930, 934 (9th Cir.1994).

■ Under Supreme Court and Ninth Circuit authority, a non-vested former employee is not a "participant" under ERISA because the statutory definition of a "participant" does not include former employees unless they " 'have ... a reasonable expectation of returning to covered employment' or ... have a 'colorable claim' to vested benefits." *Firestone Tire & Rubber Co. v. Bruch,* 489 U.S. 101, 117, 109 S.Ct. 948, 103 L.Ed.2d 80 (1989), *quoting, Kuntz v. Reese,* 785 F.2d 1410, 1411 (9th Cir.1986); *see also Freeman v. Jacques Orthopaedic and Joint Implant Surgery Medical Group, Inc.,* 721 F.2d 654, 655–56 (9th Cir.1983).

Plaintiff argues that she is not a "participant" in an ERISA plan because she does not have a reasonable expectation of returning to covered employment, nor does she have a colorable claim to vested benefits. Defendants do not contest the fact that there is no "reasonable expectation" that Plaintiff will return to covered employment. Rather, Defendants argue that Plaintiff has a "colorable claim to vested benefits" because she has a non-frivolous claim that she was promised benefits by a plan administrator. Defendants cite several cases to support this proposition. However, the cases cited by Defendants are distinguishable from the case at hand, because in the cases cited by Defendants, the plaintiffs are either seeking to receive benefits under an ERISA plan, or to clarify their rights to benefits under an ERISA plan. For example, in *Peters v. Lincoln Elec. Co.,* the court specifically found that because Peters was not simply seeking money damages, but rather was seeking to

become a participant in an ERISA plan, ERISA § 502(a) applied. *Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 468 (6th Cir. 2002); *see also, Kennedy v. Connecticut Gen. Life Ins. Co.*, 924 F.2d 698, 700 (7th Cir.1991) (plaintiff is a beneficiary of plan benefits, and is seeking payment of those benefits). Here, Plaintiff is not seeking benefits under an ERISA plan. Rather, she is seeking money damages. As such, Plaintiff has no "colorable claim to vested benefits" and is therefore not a "participant" in an ERISA plan. *See e.g., Mitchell v. Mobil Oil Corp.*, 896 F.2d 463, 474 (10th Cir.), *cert denied*, 498 U.S. 898, 111 S.Ct. 252, 112 L.Ed.2d 210 (1990).

Because Plaintiff is not a "participant" and thus does not have standing to bring a claim under ERISA 502(a), her claims are not completely preempted by ERISA § 502(a). As a result, the Court does not have federal question jurisdiction over this case. However, because diversity jurisdiction exists, the Court does not have to remand the case, but instead can examine Plaintiff's state law claims on the merits.

**B. Conflict Preemption Under ERISA § 514 Operates to Bar Plaintiff's State Law Claims.**

██ Defendants correctly argue that Plaintiff's state law claims may be preempted by ERISA § 514 even where, as here, Plaintiff does not have standing to pursue a claim under ERISA § 502(a). *See Olson v. Gen. Dynamics Corp.*, 960 F.2d 1418, 1422–23 (9th Cir.1991); *see also Pane v. RCA Corp.*, 868 F.2d 631 (3d Cir.1989); *Lee v. E.I. DuPont de Nemours & Co.*, 894 F.2d 755 (5th Cir.1990). In other words, even though Plaintiff is not subject to "complete preemption" under § 502(a), Defendants may still assert the defense of "conflict preemption" under ERISA § 514. Thus, it is necessary to determine whether Plaintiff's claims must be dismissed due to Defendants' assertion of the defense of ERISA § 514 "conflict preemption."

ERISA § 514 provides that ERISA will "supercede any and all State laws" to the extent that those laws "relate to" an employee benefit plan. The Supreme Court has given an expansive reading to the term "relate to," recognizing that Congress intended ERISA to be the exclusive means of regulating the administration of employee benefit plans. *See New York State Conference of Blue Cross & Blue Shield Plans, et al. v. Travelers Ins. Co.*, 514 U.S. 645, 115 S.Ct. 1671, 131 L.Ed.2d 695 (1995); *see also Crull v. GEM Ins. Co.*, 58 F.3d 1386, 1390 (9th Cir.1995). As a result, the Ninth Circuit has held that state law claims for breach of contract, estoppel, misrepresentation, and interference with contractual relations "relate to" the administration of employee benefit plans where such claims are attempts to recover benefits allegedly owed under the plan. *See, e.g., Crull v. GEM Ins. Co.*, 58 F.3d at 1390–91; *DeVoll v. Burdick Painting*, 35 F.3d 408, 411–12 (9th Cir.1994); *Davidian v. Southern California Meat Cutters Union*, 859 F.2d 134, 135 (9th Cir.1988).

██ Plaintiff argues that because she is not seeking benefits from Defendants' ERISA-covered plan, but rather is seeking money damages, her claims do not "relate to" an ERISA-covered plan as required by ERISA § 514. (Opposition at 12:15–24). However, because Plaintiff's claim would not exist but for the fact that Defendants denied Plaintiff benefits, ERISA § 514 preemption applies. In other words, even where only money damages are sought, where the claim would not exist but for the failure to pay benefits, the "relate to" requirement is satisfied and ERISA § 514 preemption applies. *Serpa v. SBC Telecomm., Inc.*, 318 F.Supp.2d 865 (N.D.Cal. 2004).

Plaintiff also argues that ERISA § 514 preemption should not apply here because her claim "is not predicated upon [Defendants'] failure to provide her with benefits under its ERISA plan." (Opposition at 10:18–19). Essentially, Plaintiff argues that Defendants' alleged offer to provide her with benefits does not establish the existence of an ERISA-covered plan, and, without the existence of an ERISA-covered plan, ERISA § 514 preemption cannot apply. The Court agrees generally with the argument that ERISA § 514 preemption applies only where there is an ERISA-covered plan at issue. *See Crull v. GEM Ins. Co.*, 58 F.3d at 1389–90. However, the Court does not agree that there is no ERISA-covered plan at issue here. Defendants clearly have an ERISA-covered plan in place—the plan that covered Defendants' non-union employees and under which Plaintiff initially sought benefits.

Plaintiff attempts to get around this by arguing that since she was denied benefits under Defendants' ERISA-covered plan, her claims do not implicate Defendants' ERISA plan, and thus ERISA § 514 preemption does not apply (i.e., essentially that she is not a "participant" in Defendants' ERISA-covered plan). (Opposition at 10:28 –11:1–2). However, as discussed above, the fact that Plaintiff is not a "participant" under the ERISA-covered plan is not determinative of whether ERISA § 514 preemption applies.

Finally, Plaintiff's argument that Defendants represented that they would establish a separate benefits plan just for Plaintiff is also unavailing.[2] The Court agrees with Defendants' contention that the funding source for the benefits allegedly promised to Plaintiff is not a determinative issue. Nor does it matter whether Plaintiff would be receiving benefits from the same plan as other employees. Given that Plaintiff's claims arise from Defendants' alleged misrepresentations made in their capacity as the administrator of an ERISA-covered plan, ERISA § 514 preempts the claims. *Ingersoll–Rand Co. v. McClendon*, 498 U.S. 133, 111 S.Ct. 478, 112 L.Ed.2d 474 (1990) (ERISA § 514 preemption applies where existence of a benefit plan is a critical factor in plaintiff's claim).

Further, Plaintiff relies on *Graham* to support her argument that ERISA § 514 preemption should not apply because Defendants represented that they would set up a separate benefit plan specifically for Plaintiff. Plaintiff's reliance on *Graham v. Balcor* is misplaced. As Defendants point out, *Graham* is distinguishable from this case because in *Graham*, the plaintiff brought state law claims seeking to enforce a settlement agreement with defendant under which plaintiff gave up her right to pursue wrongful termination and employment discrimination claims in exchange for benefits. *Graham v. Balcor*, 146 F.3d 1052, 1055 (9th Cir.1998). In other words, "[t]he Balcor–Graham agreement was a settlement of legal claims which does not relate to an employee benefit plan." *Id.* Here, on the other hand, Plaintiff is seeking to enforce an agreement that allegedly arose out of the admin-

---

2. It should be noted that Plaintiff attempts, in her opposition brief, to allege facts not previously pled in her complaint. This is improper on a Fed. R. Civ. Proc. 12(b)(6) motion, and any facts outside the pleadings should not be considered by the Court. *Jacobson v. Schwarzenegger*, 357 F.Supp.2d 1198, 1212 (C.D.Cal. 2004). However, in the interests of resolving this matter, the Court will address Plaintiff's arguments which rely on the newly alleged facts. Even considering the new facts alleged by Plaintiff in her opposition brief, Plaintiff cannot escape ERISA § 514 preemption. Thus, considering the new facts alleged by Plaintiff provides only completeness and clarity, and does not change the outcome of the Motion to Dismiss.

istration of Defendants' benefit plan. The crux of Plaintiff's claim is that Defendants promised their employees that if they engaged in a specific course of action (i.e., voting to decertify the union), they would become eligible for benefits. Plaintiff, as one of those employees, now seeks to enforce that promise. Thus, whereas in *Graham,* the agreement that the plaintiff sought to enforce related to the legal implications of her termination from employment, here, the alleged agreement relates specifically to Plaintiff's eligibility for benefits. *Graham* is thus distinguishable, and does not prevent ERISA § 514 from preempting Plaintiff's claims.

For the reasons described above, Plaintiff's claims must be dismissed. The Court finds this to be a most unfortunate result. It seems patently unfair that Plaintiff lacks standing to pursue a claim under ERISA § 502(a), while at the same time her state law claims must be dismissed because they are preempted by ERISA § 514. However, the Court is bound by the large body of law that makes it clear that ERISA § 514 can preempt state law claims even where, as here, ERISA provides no remedy for Plaintiff. Thus, Defendants' Motion to Dismiss is GRANTED.

**IT IS SO ORDERED.**